## HARTER *vs.* CRILL.

In an action on the case for *criminal conversation*, matters of mitigation growing out of the relations existing between the parties at the time of the alleged offense, may be given in evidence, under a general denial of the complaint.

In such an action, circumstances of mitigation existing at the time do not, properly speaking, constitute any defense to the suit. They are not brought forward as *new matters of defense*, but as matters already involved in the issue to be tried between the parties.

THIS action was brought to recover damages against the defendant, for criminal conversation with the plaintiff's wife. It was tried at the Oneida circuit in October, 1859, and resulted in a verdict for the plaintiff for $200. On the trial the defendant offered evidence to show upon what terms the plaintiff and his wife lived together, at the time of the injury; but the court, on objection, excluded it, for the reason that the defendant had omitted to set it up in his answer. The defendant, having excepted to this decision, appealed to the general term. Other questions, not material to the decision, were discussed.

*F. Kernan,* for the appellant.

*H. A. Foster,* for the respondent.

*By the Court,* MORGAN, J. (After disposing of some other questions.) But there is another question of greater difficulty.. The court excluded evidence that the plaintiff's wife was keeping company with some lowlived boatmen, or rather, that the plaintiff said she was, and that he requested her brother, George Clark, jun. to take her away. The court held the proof inadmissible under the pleadings. The defendant excepted. The court also excluded evidence that the plaintiff called his wife a whore and had threatened to shoot her, on the ground that it was incompetent under the pleadings. The court also excluded evidence that the plaintiff

had accused his wife of infidelity to him with one *Smith Max;* also with one *Rosekrans;* and that on one occasion some years ago while the plaintiff lived at the Gate House, the plaintiff called his wife a damned bitch, and threatened to kill her, and made some attempts to carry his threat into execution. The defendant's counsel excepted to the ruling of the court, in excluding this evidence.

The real question in dispute is, whether this species of evidence is admissible in mitigation of damages, without being stated in the answer as a ground of defense. And the learned judge in his decision held, in effect, that such evidence is a partial defense, and must be pleaded, under the provisions of the code, (§ 149,) in order to be made available to the defendant in this action.

The code (§ 149) requires the answer to contain a general or specific denial of each material allegation of the complaint controverted by him; and secondly, "a statement of any new matter constituting a defense or counter-claim, in ordinary and concise language, without repetition." And it has been held that a *partial* payment, (although formerly considered evidence in mitigation of damages and therefore admissible under the old general issue, without pleading it,) cannot now be given in evidence under the general denial of the complaint. (16 *N. Y. R.* 297.) That decision is certainly authority for the general proposition that any matter of evidence constituting only a partial defense must be set out in the answer, if it comes within the definition of *new matter.* If it is not *new matter,* then I do not understand that there is any decision or authority which requires the defendant to specify it in his answer. A partial payment of the plaintiff's demand is new matter and must be pleaded. It admits the original claim of the plaintiff and seeks to reduce it by a subsequent transaction between the parties. So is a release, accord and satisfaction, arbitrament, &c.—and to be made available under the code they must be pleaded. (*Selden, J. in McKyring* v. *Bull,* 16 *N. Y. R.* 309.)

Harter *v.* Crill.

The point in issue therefore is, whether the evidence offered by the *defendant* was *new matter* constituting a defense, or partial defense.   The offer was in substance to show that the plaintiff, at and before the time of the defendant's alleged adultery with his wife, did not live on good terms with her; and that his affections had, to some extent at least, become alienated from her by other transactions with which the defendant had no responsible connection.   It is competent for the plaintiff, in order to increase the damages, to prove that he and his wife lived on terms of the most cordial affection. (*Trelawney* v. *Coleman,* 1 *B. & Ald.* 90.   2 *Hilliard on Torts,* 598.   1 *Saund. on Pl. and Ev.* 880.)   There is an allegation in the complaint that the plaintiff and his wife "lived happily together," and that while thus living together happily as man and wife the defendant debauched her and thereby alienated and destroyed her affection for her husband, and deprived him of her aid and society.   It is obvious, therefore, that, if the plaintiff can give evidence on such a complaint, tending to show that he lived on terms of the most cordial affection with his wife, with a view to enhance the damages, the defendant may give evidence tending to rebut it.   It is not *new matter* of defense, but matter that is involved in the issue to be tried between the parties.   The question is one made by the very nature of the action, and does not grow out of any new matter arising or happening afterwards.

It is very questionable whether the *new matter* of defense, mentioned in § 149 of the code of procedure, embraces matter of mitigation, which does not amount to a *defense.*

Partial payment is a defense *pro tanto;* so is a set-off, release &c.   But in actions for *libel, slander, crim. con., trespass* &c., which sound in damages, and where the damages depend upon the circumstances of the case, without being limited in amount by reference to a fixed sum or price, mitigating circumstances tending to diminish the damages have never been regarded as a defense; and I think the code does

not intend to embrace such circumstances as matters of defense, or of partial defense, so as to require that they should be set-out in the pleadings &c.

It was held in *Gilbert* v. *Rounds,* at general term in the 6th district, (14 *How. Rep.* 46,) that circumstances of aggravation, in actions of assault and battery, are not traversable, and that prior to the code the defendant did not admit such matters by not denying them. It was also held that statements of new matter in an answer to an action for assault and battery, which consist entirely of circumstances of aggravation, *do not constitute a defense* to the action ; and that the defendant may call witnesses in such an action to prove all proper mitigating circumstances without having pleaded them. I think the true construction of § 149 of the code of procedure only requires the defendant to embrace in his answer such matters as he relies upon as a full or partial defense, as the word *defense* was understood and applied when the code took effect.

Writers have confounded the distinction, to some extent, between *partial* defenses and *circumstances of mitigation,* as both were admissible under the old general issue, without pleading them, and there was no occasion for keeping up the distinction. But it is obvious that a defense, as understood in law language, is a full answer to the whole or to some part of the plaintiff's demand. Mitigating circumstances do not and never did amount to a defense to any part of the plaintiff's claim.

They may diminish the *nominal* claim made by him, but do not diminish the *real* claim, or reduce it below what it was originally. The amount of damages in this class of actions depends upon the circumstances, as they appear before the jury. In this action they depend in a great measure upon the state of the relations subsisting between the parties : and although the parties lived together in the most unhappy state and condition and in danger of their lives, it is no *defense* to the action. Certainly it is not *new matter* of defense within

any of the definitions given to that term by the courts of this state.

I think the learned judge erred in holding that matter of mitigation merely, growing out of the relations of the parties to each other at the time of the alleged criminal conversation, could not be given in evidence under the general denial of the case.

Judgment reversed and new trial granted; costs to abide the event.

[ONONDAGA GENERAL TERM, January 2, 1861, *Allen, Mullin* and *Morgan,* Justices.]