Vaw Vorst, J.
—Gentlemen : This is the first action of its kind which has been tried in this county. It involves important questions, and the evidence and the case itself demand careful consideration at your hands.
During a portion of the years 1879 and 1880, the plaintiff and her husband were living in the house of Mr. Lewis, on Forty-ninth street. They kept the premises as a boarding-house.
The defendant, a young unmarried woman, was the adopted daughter of Mr. and Mrs. Lewis, who owned the premises, and had let the same to the plaintiff and her husband, and, with their adopted daughter, boarded with them. There were several other boarders in the house,1 who formed a part of the household.
It is claimed by the plaintiff, that, during the period above mentioned, and between July 4, 1879, and June 12, 1880, and while she was living with her husband as his wedded wife, enjoying his affection, support and respect, the defendant, willfully, wickedly, and maliciously gained the affections of her husband; that her conduct in the presence of her *228 husband was lascivious and indecent, and that at her instigation the plaintiff’s husband became estranged from her, and that his affections for her were destroyed. She also claims that' the defendant induced the plaintiff’s husband to have carnal intercourse with her.
I have already decided in this ease, that a wife can maintain an action against a person, who having maliciously alienated his affections, has enticed her husband from her, and deprived her of that society, companionship, and support, which a husband owes his wife. Such a case would constitute a grievous wrong, for which the law should afford redress, in the way of damages, commensurate with the injury.
If the defendant has been thus guil ty toward the j1 plaintiff; if she has wickedly allured, seduced, and i enticed the plaintiff’s husband to herself, and has had j! carnal intercourse with him, and has alienated his Í affections from his wife, and has deprived her of his • society and companionship, then the plaintiff is entitled to a verdict.
But, gentlemen, before we can reach the conclusion that the plaintiff is entitled to a verdict, you are to be fully satisfied by the evidence, that the defendant is thus guilty. The burden is upon the plaintiff to prove it clearly, by reliable testimony, and her case should be free from doubt. A balanced condition of the evidence would not sustain a verdict for the plaintiff.
You have had before you several witnesses- who have testified to certain occurrences and acts between the plaintiff’s. husband and the defendant, principally occurring upon the premises on Forty-ninth street, upon which the plaintiff relies to establish the defendant’s guilty conduct. Domestics have been examined, as well as the plaintiff, and certain letters have been given in evidence, which, as is claimed on the plaintiff’s part, were written by the defendant, although not *229 signed in her name. These letters the plaintiff pro-' dueed, claiming to have received them from her husband in December, 1884.
The plaintiff left the premises on Forty-ninth street, and her husband, in June, 1880. Her husband left the next day.
I do not propose now to specify in detail the specific acts, upon which the plaintiff relies to establish her canse of action. They are all in evidence, and you can readily recall them and give such effect to them as you think they are entitled to receive at yonr hands.
The defendant and her mother have each been examined as witnesses. The defendant denies each and all of the guilty acts, with which she has been charged by the plaintiff and her witnesses ; and she testified that no claim was ever made that she was thus guilty, until after the lapse of several years, and until the suit was commenced.
She emphatically denies that she wrote the letter in question, or that she has had criminal intercourse with the plaintiff’s husband at any time.
Now, gentlemen, it is your duty to carefully consider and weigh all this evidence, and determine where the truth lies, and to apply it, distinctly remembering, however, that the burden is upon the plaintiff to prove her case clearly, by reliable evidence, before a recovery can be had in her favor.
We are to bear in mind that the defendant is charged with enticing away, and in fact seducing the ■ plaintiff’s husband. Now, gentlemen, if there were in fact guilty relations between the parties—and of that» you are the sole judges ; I have no opinion to express# on the point—yet in order fa justify a verdict against» the defendant, such guilty relations must have been; maintained at the solicitations of the defendant. The \ plaintiff’s husband is over forty years of age, having been married to the plaintiff nearly twenty years. He *230 was not a young and inexperienced man. If you find that there was this wickedness between the plaintiff’s husband and the defendant, but that it originated with the plaintiff’s husband, if he enticed the defendant into illicit relations with him, then the plaintiff’s case jis not made out. To charge the defendant, it must /affirmatively appear that she was the seducer and ] enticer.
If you find that the defendant was not guilty as is alleged, then she is entitled to a verdict.
But if guilty, then you are to consider and determine the damages, which the plaintiff is entitled to recover. That is a subject within your control, and to be proportioned to the extent of the injury inflicted. The true relations between the plaintiff and her husband, and whether happy or otherwise, before they made the acquaintance of the defendant; the state of his feeling, intent, and the extent of his affections towards his wife, may be taken into consideration by you, in estimating the plaintiff’s injury and damages.
You are also to take into consideration the effect produced upon the plaintiff by the relations existing between the defendant and her husband, as they appeared to her at the time.
Your attention has been called to the fact that plaintiff cohabited with her husband afterwards, and up to the time that she left the house on Forty-ninth street, in June, 1880. If she believed him to be so guilty with the defendant, such cohabitation with him afterwards, may be considered by you at least in mitigation of damages, and it would be for you to determine whether, if such cohabitation was voluntary, it was consistent with a belief on the plaintiff’s part that her husband had guilty relations with the defendant.
■ ■ And in this connection you may also take into consideration the plaintiff’s delay in bringing the action. *231 The action was not brought until the year 1885, while the criminal intercourse is alleged to have taken place in 1879 and 1880. Belay is not, however, a bar to an action, if it is in the end brought within the time allowed by law. But long delay in bringing an action of this character causes it to be regarded with suspicion. You have heard the plaintiff’s excuses for the delay. You will dispose of this question in considering the amount of damages. You may regard it as -a matter in mitigation.