BOUES *v.* STEFFENS.

*(Supreme Court, General Term, Second Department.  December 14, 1891.)*

1. HUSBAND AND WIFE—ACTION FOR ENTICING AWAY AND DEBAUCHING WIFE.

In an action for enticing away and debauching plaintiff's wife, plaintiff testified that his wife had been for six years before their marriage housekeeper for defendant, who was a priest; that after the marriage defendant requested plaintiff to allow his wife to remain until defendant could replace her; that plaintiff consented, and a portion of the time slept at defendant's house, apart from his wife, and the other portion occupied his own home with her, she staying during the day and evening at defendant's house; that at defendant's house his wife's room was locked, and on one occasion he found it unoccupied, and heard the voices of his wife and defendant in the latter's room, which he feared to enter, by reason of defendant's threat to shoot any one entering his room at night; that on another occasion he found his wife on the bed of defendant, who, on plaintiff's entrance, placed the bed-clothing over her; that on leaving for home each evening his wife went to defendant's room to bid good-night, and remained half an hour; and that his wife refused to permit him to have connection with her, claiming danger to her health. He also testified to various acts of familiarity, as kissing and hugging, between defendant and his wife, and that when he threatened to sue defendant the latter told him he was a greenhorn, had no money, and could not do anything.  It also appeared that plaintiff's wife and defendant went out of town together, and stopped over night at an hotel.  Plaintiff was not fully supported by his own witnesses, and was directly contradicted by the testimony of the witnesses for defendant.  *Held* that, as a portion of plaintiff's testimony was manifestly false, and in view of the lack of support to the remainder, and its flat contradiction, plaintiff had not sufficiently sustained his case by proof.

2. SAME.

In an action for enticing and debauching plaintiff's wife, evidence of complaints by plaintiff as to defendant's conduct with plaintiff's wife, made in the absence of defendant, are inadmissible.

Appeal from circuit court, Queens county.

Action by Henry Boues against Aloys Steffens for enticing away and debauching plaintiff's wife.  Plaintiff's wife was, before her marriage, the housekeeper of defendant, a Roman Catholic priest, and she thereafter, with plaintiff's consent, remained in his service until he could provide a servant to take her place.  She lived part of the time with her husband at home, and partly with him at defendant's residence, and while at the latter place she slept apart from her husband.  The plaintiff testified that while at defendant's home he forced the door of his wife's room at 2 o'clock in the morning, and found it unoccupied, and the bed undisturbed, and heard her voice and that of defendant in the latter's room, adjoining; that defendant had previously told plaintiff that he had a revolver, and would shoot any one entering his room at night, and that plaintiff was afraid to enter; that his wife, when leaving defendant's house for her own home evenings, would go to defendant's room to bid him good-night, and remain there about half an hour; that she, together with defendant, made trips to New York and Philadelphia, and at the latter city they stopped together all night at an hotel; that on one occasion his wife lay on defendant's bed in his presence, and, on plaintiff's entrance, defendant placed bed-clothing over her, stating she might catch cold.  He further testified to numerous acts of a familiar nature between her and defendant, such as kissing and hugging; also that she refused to allow connection between plaintiff and herself, stating that it would be dangerous to her health; and that, when he informed defendant he would sue him, the latter told him he was a greenhorn, and would be unable to do anything without money.  The plaintiff contradicted himself on material points, and his evidence was not fully supported or corroborated by his witnesses.  It was also directly contradicted by defendant's witnesses.  Defendant appeals from a judgment entered upon a verdict for plaintiff, and from an order denying a new trial.  Reversed.

Argued before DYKMAN and PRATT, JJ.

*Albrecht J. Lerche,* (*Thomas F. Byrne,* of counsel,) for appellant.  *Oscar Richter,* (*Howard A. Sperry,* of counsel,) for respondent.

PRATT, J. The verdict rendered by the jury finds some support in the testimony of the plaintiff, and it is probable that a nonsuit at the close of plaintiff's case would not have been sustainable. But the testimony was open to grave criticism, and had the cause been decided upon the plaintiff's testimony simply, the jury might well have hesitated before basing upon it a verdict. The evidence introduced by defendant fully contradicted that of the plaintiff. The witnesses were numerous, and, with the exception of defendant and Mrs. Boues, were without interest in the result. Much of their evidence is not to be reconciled with that of the plaintiff, and we are not able to see how he can be believed unless many others are to be discredited. Some part of his evidence may perhaps be explained on the ground of ignorance, but a great part, we think, must be ascribed to a deliberate desire to misstate the truth. So thoroughly contradicted was he that we think the jury should have regarded his testimony as unworthy of belief. Upon the whole case it is clear the verdict should not be allowed to stand. The plaintiff was allowed to prove that he made complaints to other parties in the absence of defendant. That was error, and must have been injurious to defendant. Verdict set aside, judgment reversed, new trial ordered, costs to abide event.