IVA MANWARREN, Respondent, v. MARY J. MASON, Appellant.

*Husband and wife — alienation of the husband's affections — action by the wife, when maintainable — declarations of the husband and his conversations with his wife inadmissible.*

A wife may maintain an action to recover damages against one who has enticed her husband from her, alienated his affections and deprived her of his society.

Upon the trial of such an action the declarations of the plaintiff's husband, and conversations between him and the plaintiff before and after the commencement of the action, are inadmissible in evidence; and if they are received in evidence over the defendant's objection, it cannot be said that they may not have had a potential influence upon the jury in inducing it to render its verdict in favor of the plaintiff.

APPEAL by the defendant, Mary J. Mason, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 27th day of November, 1893, upon the verdict of a jury, rendered after a trial at the Onondaga Circuit, and also from an order entered in said clerk's office on the 25th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes, with notice of an intention to bring up for review on such appeal said judgment and order.

The action was brought to recover damages for the alleged alienation of the affections of the plaintiff's husband, George W. Manwarren. The defense was a general denial.

In the amended complaint of the plaintiff it is alleged that the defendant, "wrongfully and unjustly intending to injure the said plaintiff, and to deprive her of the comfort, fellowship and assistance of George W. Manwarren, her husband, knowing him to be the husband of the said plaintiff, and to alienate and destroy his affections for her, the said plaintiff, heretofore and during the month of June, 1892, and at divers times prior and since said time, wrongfully, wickedly and unjustly enticed him away from the plaintiff and his then home and the home of the plaintiff, to the residence of the defendant, and has ever since then harbored him against the consent of the plaintiff," etc. The answer also contained an admission of the plaintiff's intermarriage with her husband July 12, 1874, and a denial of the other allegations of the complaint.

The parties resided in the village of Baldwinsville. The defendant was of the age of forty-six years and the widow of Dr. Mason, her husband having died on the 29th of February, 1891, leaving two sons, one eight and the other nineteen years of age. The husband of the plaintiff became a successor to the business carried on by the deceased husband of the defendant.

*Kennedy & Ross*, for the appellant.

*James R. Shea*, for the respondent.

HARDIN, P. J. :

According to the decision made by this court in *Bennett* v. *Bennett* (affd., 116 N. Y. 584), the plaintiff is entitled to maintain an

action against one who has enticed her husband from her, alienated his affections and deprived her of his society.

In *Jaynes* v. *Jaynes* (39 Hun, 40) it was held " that a wife has a right to the conjugal society of her husband, for the willful violation of which by a third person she may maintain an action in her own name."

After a careful perusal of the evidence we are of the opinion that it was the duty of the trial judge to submit the question of fact to the jury, and that he was warranted in refusing at the close of the trial to set aside the verdict as against the evidence. Although the defendant as a witness contradicted many of the facts and circumstances which were sworn to by the plaintiff and her witnesses, we think, notwithstanding the conflict thus presented, that the trial judge was warranted in refusing to hold that the verdict was against the weight of the evidence.

(2) In *Winsmore* v. *Greenbank* (Willes, 577), decided in 1745, which was an action brought by a husband for enticing away his wife, it was held that " the declarations of the wife not admissible in evidence " in such an action.

In *Boues* v. *Steffens* (16 N. Y. Supp. 819), in a similar action, it was held that it was error to allow the plaintiff " to prove that he made complaints to other parties in the absence of defendant;" and it was also held that the error must have been injurious to the defendant, and the verdict there rendered was set aside.

In *Erben* v. *Lorillard* (19 N. Y. 299) it was held that a declaration of the plaintiff, while carrying on a conversation in respect to the purchase of land, as to his compensation, was not admissible as part of the *res gestœ.*

In *Stickney* v. *Billings* (30 Hun, 304) it was held that declarations made by a plaintiff to his attorney in the absence of the defendants were not admissible ; " they were no part of the *res gestœ* of any transaction had then and there with the defendants."

Upon the trial now under review the trial judge suffered the declarations of the husband of the plaintiff to be received, and conversations held by the plaintiff with him both before and after the commencement of the action. Such rulings received in evidence declarations which may have had a potential influence upon the jury in determining the critical issue arising in the progress of the trial. We

are not at liberty, upon an inspection of the whole case, to say that the illegal testimony could not possibly have influenced the jury or affected the result. (*Root* v. *Borst*, 142 N. Y. 62; *Stickney* v. *Billings*, 30 Hun, 304 and cases cited in the opinion.)

(3) It may well be doubted whether the letter which was written by the plaintiff's husband to her and offered in evidence by the plaintiff was admissible. (*Hobby* v. *Hobby*, 64 Barb. 277.) It was a declaration made by the plaintiff's husband in the absence of the defendant, and formed no part of any transaction had between the plaintiff and the defendant. We think there should be a new trial.

MARTIN and MERWIN, JJ., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.