MARTA WHITMAN, Respondent, *v.* GERTRUDE WALKER EGBERT, Appellant.

*Action for alienating a husband's affections — proof of wrongful intent — inadmissibility, as part of the* res gestæ, *of a letter of the husband to his wife.*

In an action by a wife charging the defendant with alienating the affections of the plaintiff's husband, the plaintiff must show affirmatively that the defendant did or said something with a willful and wrongful intent to engage the husband's affections and thereby to seduce him from his fidelity to his wife. The law imputes no fault to the defendant because of her attractiveness nor because she may have been pleased with the attentions of the plaintiff's husband.

A letter written to the plaintiff by her husband a few days before he entirely abandoned her, in which he said, "I think the last 3 week has shown us that we are not all the world to each other, at least I judge so from your letter; * * * you know a man cannot love *to* women at the same time, " is not like a spontaneous oral declaration accompanying an act, and, therefore, part of it, but is a deliberate *ex parte* narrative of facts and opinions, and is inadmissible against the defendant.

APPEAL by the defendant, Gertrude Walker Egbert, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Tompkins on the 17th day of April, 1897, upon the verdict of a jury; also from an order entered in said clerk's office on the 12th day of March, 1897, denying the defendant's motion for a new trial made upon the minutes, and also from an order denying the defendant's motion for a nonsuit.

The complaint charged the defendant with wrongfully, wickedly and maliciously alienating the affections of her husband, and thereby causing him to abandon her.

*John B. Stanchfield,* for the appellant.

*M. N. Tompkins* and *Edwin Hicks,* for the respondent.

LANDON, J.:

The evidence tended to show that the husband of the plaintiff became enamored of the defendant, and, as he thereafter abandoned the plaintiff, the jury might infer that his affection for the defendant alienated his affection for his wife and led him to abandon her.

It was incumbent upon the plaintiff to prove that the defendant was blamable for plaintiff's husband's infatuation. Unless the defendant did or said something with the wrongful and willful intent to engage his affections and thereby to seduce him from his fidelity to his wife, and unless she was successful in this evil purpose, she is not liable. The law imputes to her no fault because of her attractiveness, nor because she may have been pleased with the admiration of plaintiff's husband. So, in effect, the learned trial court charged the jury, and so are the authorities. (*Van Olinda* v. *Hall*, 88 Hun, 452; *Manwarren* v. *Mason*, 79 id. 592; *Jaynes* v. *Jaynes*, 39 id. 40; *Eldredge* v. *Eldredge*, 79 id. 511; *Bennett* v. *Bennett*, 116 N. Y. 584; *Buchanan* v. *Foster*, 23 App. Div. 542.)

There was apparently evidence enough of the infatuation of plaintiff's husband and of its sad effect upon his affection for his wife, but there was not much evidence tending to show that the defendant was not the innocent, but the guilty cause of it. The greater part of the evidence bearing upon this subject, the admissibility of which could not be challenged, was the plaintiff's testimony of conversations between herself and the defendant. The effect of this testimony, if believed, was dependent upon the meaning of the utterances attributed to the defendant, whether of regret that she was the innocent cause of so much unhappiness, or, taken at its worst, whether she was not to blame for permitting it, and not taking earlier and positive action to prevent it all. The defendant denied making such utterances.

What credit or weight the jury would have given to these alleged utterances of the defendant apart from the testimony we are next to consider, we do not know. The plaintiff was permitted to read in evidence, under the caution from the trial judge that the same was not evidence against the defendant, a letter written to plaintiff by her husband a few days before he fully abandoned her, in which, among other things, he wrote:

"I think that the last 3 week has shown us that we are not all the world to each other, at least I judge so from your letter. * * * You need not worry as you know I shall try and do the best thing for both of us, but you know a man cannot love *to* women at the same time, any more than you could love *to* men. It is no use lieing to each other."

Of course the jury would infer from the letter of plaintiff's husband that the defendant was the one woman he loved, and from that they would probably infer that, since his affections were in such a state, the defendant was not without some blame for it. Indeed, we, cannot resist the conviction from reading the evidence that a strong part of the plaintiff's case was the successful suggestion of the improper inference that the plaintiff's husband could not have been so greatly infatuated with the defendant unless the defendant by her arts had intentionally led him on. This inference must be based upon evidence tending to show it other than that deducible from plaintiff's husband's infatuation or declarations. The letter is not like a spontaneous oral declaration, accompanying an act, and, therefore, part of it, but is a deliberate *ex parte* narrative of facts and opinions, and, therefore, inadmissible. (*Buchanan* v. *Foster, supra ; Manwarren* v. *Mason, supra ; Hobby* v. *Hobby,* 64 Barb. 277 ; *Winsmore* v. *Greenbank,* Willes, 577 ; *Westlake* v. *Westlake,* 34 Ohio St. 621.)

Our examination also leads us to the conclusion that the evidence does not show that the defendant was the guilty cause of plaintiff's injury, and that the verdict should be set aside as against the evidence.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.