### ELLSWORTH v. SHIMER.

(Supreme Court, Special Term, New York County. March, 1911.)

1. HUSBAND AND WIFE (§ 324*)—ALIENATING AFFECTIONS—MOTIVE.
    The motive with which defendant acted is a controlling element in an action for alienating affections.
    [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1118, 1119; Dec. Dig. § 324.*]

2. HUSBAND AND WIFE (§ 332*)—ALIENATING AFFECTIONS—ALLEGATIONS IN ·COMPLAINT—SUFFICIENCY.
    The complaint in an action for alienating affections, which alleged merely that defendant alienated the affections of plaintiff's wife, and deprived him of her love, and induced her to leave him, without alleging improper relations between defendant and plaintiff's wife, was demurrable, as defendant's alienation might have been justifiable.
    [Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 332.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Alfred S. Ellsworth against Harry C. Shimer. On demurrer to the complaint. Demurrer sustained, with leave to amend.

George Robinson, for plaintiff.

Henry Brill, for defendant.

GIEGERICH, J. [1] In Hutcheson v. Peck, 5 Johns. 196, 209, in an action of this character, viz., for alienating a wife's affections, it was said that the quo animo is the material point, and in Abbott's Forms of Pleading this case is cited as authority for the form of allegation there employed, viz., that the defendant wrongfully contrived and intended to injure the plaintiff. That the motive with which the defendant acted is all-important in cases of this kind is apparent, also, from the following decisions: Barnes v. Allen, *40 N. Y. 390, 394; Whitman v. Egbert, 27 App. Div. 374, 50 N. Y. Supp. 3; Eldredge v. Eldredge, 79 Hun, 511, 29 N. Y. Supp. 941—although they are cases dealing with what must be proved rather than what must be alleged. But in a form of action where the intent is so important I do not think the allegation of that intent should be left to argument and inference from language susceptible of a construction entirely consistent with the defendant's blamelessness.

[2] The complaint states that the defendant alienated the affections of the plaintiff's wife and deprived him of her love and induced her to leave him. No improper relations between the defendant and the plaintiff's wife are in any way suggested, and for all that appears the defendant may be her father or brother, who has only performed his duty in doing what it is averred he has done, or whose innocent acts have had the effects alleged.

The demurrer is therefore sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days on payment of such costs.