JESSIE LOPER, Respondent, *v.* LUCY J. ASKIN, Appellant.

Second Department, May 11, 1917.

**Husband and wife — alienation of affection — scienter of defendant essential — evidence not establishing cause of action — failure of defendant to testify.**

A plaintiff in an action to recover for the alienation of her husband's affection, she having previously separated from him, is under the burden of proving *scienter* on the part of the defendant, that is to say, that she knew of the relation she was breaking up.

Moreover, facts must appear from which it may be inferred that the woman defendant was the pursuer, not merely the pursued, and she does not become liable because she may have accepted the admiration of the plaintiff's husband.

As the wrong involves moral turpitude, no presumption of guilt can be indulged, unless the facts cannot be otherwise reconciled.

Evidence in such action examined, and *held*, that a judgment for the plaintiff should be reversed because of her failure to prove *scienter* on the part of the defendant.

As the plaintiff had not proven a cause of action when she rested no inference against the defendant can be drawn because she was not sworn in her own defense, for she was not obliged to contradict or explain facts which were insufficient to establish her liability.

MILLS and RICH, JJ., dissented.

REARGUMENT of an appeal by the defendant, Lucy J. Askin, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 6th day of May, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of May, 1916, denying defendant's motion for a new trial made upon the minutes.

The action was to recover for the alienation of the affection of plaintiff's husband, and the judgment was for the sum of $2,341.79. (See 176 App. Div. 934.)

*Carl J. Heyser,* for the appellant.

*Frank W. Shaw,* for the respondent.

PUTNAM, J.:

In September, 1914, plaintiff had separated from her husband, Frank Loper, who kept a livery stable and doctored horses in the village of Patchogue, L. I. This action was

begun December 29, 1915, against Mrs. Askin, who had a hotel at Medford, L. I. At the conclusion of plaintiff's case defendant moved for a dismissal, and having excepted to such refusal to dismiss, offered no evidence for the defense. The jury rendered a verdict for $2,250.

Plaintiff's testimony failed to establish her case. The action for enticing away one from his contract relations (even those of master and apprentice) requires proof that defendant knew of the relations he was breaking up. (*Stuart v. Simpson*, 1 Wend. 376.) Hence this complaint properly charged defendant with " contriving and wilfully intending to injure the plaintiff and to deprive her of the comfort, society, aid, assistance and consortion of the husband." This allegation seems essential. (*Webber v. Benbow*, 211 Mass. 366.) Plaintiff must make out wrongful and willful intent to engage the husband's affection and thereby to seduce him from fidelity to his wife. (*Whitman v. Egbert*, 27 App. Div. 374.) Facts must also appear from which it may be inferred that the woman defendant was the pursuer, not merely the pursued. She does not become liable because she may have accepted the admiration of plaintiff's husband. (*Buchanan v. Foster*, 23 App. Div. 542. See *Churchill v. Lewis*, 17 Abb. N. C. 226.)

As the wrong involves moral turpitude, no presumption of guilt can be indulged, unless the facts cannot be otherwise reconciled. (*Buchanan v. Foster, supra.*)

Defendant lived in Medford, some four miles from Patchogue, plaintiff's home. The record is destitute of proof of *scienter*. If the incident of plaintiff's sudden attack on defendant at the Mineola fair in the fall of 1915 might give rise to an inference that the assailing woman was the wife of defendant's escort, which may be doubtful, still there is no evidence of acts of association between defendant and Loper subsequent to that date.

When the plaintiff rested, her cause of action was not made out. Hence no inference could be drawn because defendant was not sworn. Defendant is not called upon to introduce evidence to contradict or explain facts which were insufficient to establish any liability against her. (*Shotwell v. Dixon*, 163 N. Y. 43, 54.)

The judgment and order should, therefore, be reversed, and a new trial granted, costs to abide the event.

JENKS, P. J., and BLACKMAR, J., concurred; MILLS and RICH, JJ., dissented.

Judgment and order reversed on reargument and new trial granted, costs to abide the event.