HARRY J. MADISON, Plaintiff, *v.* SAMUEL H. NEUBURGER, Defendant.

Supreme Court, New York County, October 26, 1927.

**Husband and wife — alienation of affections — defense that no love and affection existed between parties, good — criminal conversation — fact that defendant did not know plaintiff's wife was married may be proved in mitigation of damages.**

In this action for alienation of affections, a defense that no love or affection existed between the plaintiff and his wife at the times complained of in the complaint, is good, and should not be stricken out.

While it is not a complete defense to a cause of action for criminal conversation that defendant did not know plaintiff's wife was married or that she was previously unchaste, these facts may nevertheless be proved in mitigation of damage as a partial defense.

MOTION by plaintiff to strike out certain defenses in an action for alienation of affections.

*Herman Scheckner,* for the plaintiff.

*Tobias A. Keppler* [*Martin J. Desmoni* of counsel], for the defendant.

FRANKENTHALER, J. The language complained of in paragraph 3 of the answer manifestly fails to comply with the requirements of section 261 of the Civil Practice Act. It constitutes neither a general nor a specific denial of any allegation of the complaint or of knowledge or information thereof sufficient to form a belief. It is equally deficient as a statement of new matter constituting a defense or counterclaim. It is impossible to ascertain from the language objected to whether the defendant denies or admits the allegations of the complaint referred to in paragraph 3 of the answer. If defendant is ignorant of the facts he can secure adequate protection by denying knowledge or information sufficient to form a belief. Although the subject-matter of the allegations of the complaint which defendant has sought to answer in paragraph 3 is presumptively within his knowledge he may nevertheless show that he is actually without the requisite knowledge if a motion is made to strike out the denial of knowledge or information sufficient to form a belief. (*Harley* v. *Plant,* 210 N. Y. 405, 411.) He cannot properly, however, plead a version of the

facts inconsistent with that set forth in the complaint. (*Smith* v. *Coe,* 170 N. Y. 162, 167.) The motion to strike out the second separate and distinct defense to the first cause of action must be denied. It is a good defense to an action for alienation of affections that no love or affection existed between the plaintiff and his wife at the times complained of and that their marriage was merely one of convenience. Thus, in *Servis* v. *Servis* (172 N. Y. 438) the court held that where the jury could have found that affection for the plaintiff had been alienated in some way other than by defendant's conduct it was reversible error to refuse to charge that if plaintiff's husband had no affection for her at the time of the abandonment, or if it had been alienated by other causes, the plaintiff could not recover. The fact that the absence of affection might perhaps be shown under a general denial would not entitle the plaintiff to a dismissal of the same matter pleaded as a defense. (*Morgan Munitions Co.* v. *Studebaker Corp.,* 226 N. Y. 94.) In *Millspaugh* v. *Potter* (62 App. Div. 521) it was held that where the defendant had set up in his answer to an action for alienation of affections that the alienation was caused in whole or in part by the fault of plaintiff himself, he should be permitted to show why plaintiff's wife refused to live with plaintiff and also the state of her affections at the time of trial as bearing upon the permanency of her loss of affection for her husband. The third separate and partial defense to the first cause of action is sufficient in law. In *Loper* v. *Askin* (178 App. Div. 163) it was held that in an action for alienation of affections plaintiff has the burden of proving scienter on the part of the defendant as to the relationship she was breaking up. The court said that wrongful or willful intent to engage the affections of plaintiff's spouse was a necessary element of the cause of action. To the same effect see *Ellsworth* v. *Shimer* (71 Misc. 576). The second separate and partial defense to the second cause of action is also sufficient in law. In an action for criminal conversation, alienation of affections, though not a necessary element of the tort, may be proved in aggravation of damages. (30 C. J. 1154.) Correspondingly, defendant may show in mitigation of damages the exact state of the relations between plaintiff and the latter's spouse. (*Billings* v. *Albright,* 66 App. Div. 239, 251; *Cutter* v. *Cooper,* 234 Mass. 307, 316.) The motion to dismiss the third separate and partial defense to the second cause of action must also be denied. Although it is not a complete defense to a cause of action for criminal conversation that defendant did not know plaintiff's spouse was married (30 C. J. 1157), or that the guilty spouse was previously unchaste (Id. 1157), those facts may nevertheless be proved in mitigation of damages as a partial defense.

(*Harter* v. *Crill*, 33 Barb. 283; 30 C. J. 1164, 1165.)    The motion is, therefore, granted only to the extent indicated, with leave to defendant to serve an amended answer within ten days on payment of ten dollars costs within like period.