## STAFFORD vs. WILLIAMS & KELLOGG.

On a *certiorari* to review a justice's judgment, where the defendant did not appear before the justice, it will be intended that he waited an hour after the time mentioned in the summons before proceeding with the cause, unless the contrary expressly appear.

Therefore, where the return to a *certiorari* stated that the plaintiff appeared at "the time and place" mentioned in the summons, and that the defendant did not appear; and it then proceeded, in a new sentence, to state that the plaintiff declared, &c., it will be intended that the hour had elapsed before the declaration was received.

The want of a venue, and of a precise statement of the cause of action, of a formal promise and the like, in a declaration in a justice's court, will be cured by the non-appearance of the defendant, where the evidence shows a good cause of action.

Accordingly, where the declaration was "for goods sold and delivered," with an account annexed, and the defendant did not appear; *held* sufficient.

ERROR to Oneida C. P. Williams & Kellogg sued Stafford by summons returnable at the justice's office, in Utica, on the 8th day of March, 1845, at *two o'clock in the afternoon*. The return of the justice states "that *at the time* and place above specified for the return of the said summons, the said plaintiffs appeared," by attorney : "the defendant, nor any for him, did not appear. Plaintiffs declared against the defendant as follows, to wit—in assumpsit upon an account for goods, wares and merchandize, hats, caps, &c., sold and delivered, of which the following is a copy : "Spencer H. Stafford to Williams & Kellogg Dr., 1843, April 13th, To one hat, $5,00 ;" and so giving other items with their dates, amounting in all to $13,60 : and then concluding, "to the plaintiffs' damage $100." The justice heard evidence, and rendered judgment for the plaintiffs

Stafford *v.* Williams.

for the amount of the account. On *certiorari* the C. P. affirmed the judgment; and the defendant brings error.

*S H. Stafford,* in person.

*W. L. Walradt,* for the defendants in error.

*By the Court,* BRONSON, Ch. J.   The language of the return favors the objection, that the justice did not wait an hour for the defendant after the time specified for the return of the summons, before he proceeded with the cause. (2 *R. S.* 233, § 46.)   But that is not the necessary and unavoidable inference from the words of the return.   It states that the plaintiffs ap peared "at the time;" and that the defendant did not appear; and then, commencing with a new period, it adds, that the plaintiffs declared.   It is quite possible that the declaration did not follow immediately; and that a whole hour elapsed before it was received.   It is not improbable that such was the fact; and that the reason why the delay was not mentioned in the return is, that nothing was said on the subject in the affidavit, which was served on the justice.   The legal presumption is in favor of the proper discharge of official duty; and we must intend that the proceedings were regular, until the contrary plainly appears. (*Fuller* v. *Wilcox,* 19 *Wend.* 351; *Oakley* v. *Van Horn,* 21 *id.* 305; *Baum* v. *Tarpenny,* 3 *Hill,* 75.) If this matter was mentioned in the defendant's affidavit on which the *certiorari* was allowed, he should have insisted on a return stating expressly whether the justice waited an hour or not.

There is the more reason to believe that this question was not mentioned in the defendant's affidavit, nor thought of by the justice, because in a very good brief submitted on the part of the plaintiffs, the point is not even mentioned.   It has probably been started here for the first time.   But it is enough that it does not expressly appear that the defendant was deprived of his hour of grace.

The defendant insists that the judgment must be reversed

for the want of proper legal form in the declaration.   And he objects, that there is no venue; nor any averment that the goods were sold and delivered by the plaintiffs to the defendant; and that no promise or undertaking by the defendant is stated. If the defendant had appeared and made these questions by a demurrer, the declaration would have been pronounced insufficient; and the plaintiffs would have been obliged to amend. But considering the liberal manner in which the pleadings in justices' courts are, and should be treated, especially when no objection is made at the time, I cannot but think the declaration sufficient.   Indeed, as it sets out an account in detail, with names, dates, and articles, it is more full and formal than such pleadings usually are; and if we should reverse this judgment there is not one in fifty of the judgments rendered in collection suits, where the defendant does not appear, which could stand.   As the defendant did not appear and plead, he insists that he waived nothing; and that he is now entitled to the benefit of any objection which would have prevailed on demurrer.   I cannot agree to the latter part of the proposition.   It is not sustained by *Northrup* v. *Jackson,* (13 *Wend.* 85,) on which the defendant relies.   All that was necessarily decided in that case is, that where the defendant does not appear, the plaintiff must make out his case by legal testimony.   And we think that is enough, without giving the defendant the benefit of objections which might have prevailed, if he had thought proper to attend before the justice and make them.

The plaintiffs gave sufficient evidence of their demand to warrant the justice in rendering judgment in their favor.

Judgment affirmed.