The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.

MERRITT KNIGHT APPELLANT, *v.* FOWLER WILSON, JR., RESPONDENT.

*Justice of the peace — presumption, on appeal, as to his having waited one hour after the time specified in the summons.*

Where it is claimed that a justice of the peace has erred in not waiting one hour after the time specified in the summons for its return, as required by section 2893 of the Code of Civil Procedure, it must be made to appear affirmatively by the justice's return that the justice did not wait the required time, and the respondent is not bound to show affirmatively by such return that this provision of the statute has been complied with.

*Stafford* v. *Williams* (4 Denio, 182) followed.

APPEAL by the plaintiff, upon questions of law and upon the facts, to the General Term, from a judgment of the County Court of the county of Oneida, entered in the office of the clerk of that county on the 6th day of August, 1889.

*M. N. Willson,* for the appellant.

*Willson & Powers,* for the respondent.

MARTIN, J.:

This is an appeal from a judgment of the Oneida County Court reversing a judgment rendered by a justice of the peace. The judgment was reversed on the sole ground that the justice erred in not waiting one hour after the time specified in the summons for its return, as required by section 2893 of the Code of Civil Procedure.

The justice's return, upon which the appeal was heard, states: "At the time and place mentioned in the summons for the return thereof I called the names of the parties. The plaintiff appeared.

The defendant did not appear. The plaintiff complains orally that the defendant is indebted," etc. There was no further statement in the return bearing upon the question of whether the justice waited an hour as required by the statute. The learned county judge was of the opinion that the return should have shown affirmatively that the justice waited the required time, and that, in the absence of any statement in the return showing that fact, it was to be presumed that the justice did not comply with the statute, and on that ground the judgment was reversed.

" It has also been the uniform practice of the courts, in reviewing the proceedings had before justices of the peace, to regard them with marked indulgence and liberality in the furtherance of the ends of justice, and, if possible, sustain them by every reasonable and warrantable intendment." (*Schoonmaker* v. *Spencer*, 54 N. Y., 370; *Beecher* v. *Kendall*, 14 Hun, 329.)

In *Stafford* v. *Williams* (4 Denio, 182), it was held that on a *certiorari* to review a justice's judgment, where the defendant did not appear before the justice, it will be intended that he waited an hour after the time mentioned in the summons before proceeding with the cause, unless the contrary expressly appear. In delivering the opinion in that case, BRONSON, Ch. J., said: " The legal presumption is in favor of the proper discharge of official duty, and we must intend that the proceedings were regular until the contrary plainly appears."

We think the doctrine of the cases cited is decisive of the question involved in this case. There is nothing in the return to show that the justice did not wait the required time, and we cannot think that the respondent was bound to show affirmatively that this provision of the statute was complied with, but are of the opinion that the burden of showing error in that respect was upon the appellant, who should have obtained an amended return, showing plainly that the justice failed to wait an hour, if such was the fact.

Judgment of the County Court reversed, with costs, and judgment of the Justice's Court affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment of the County Court of Oneida county, reversing a justice's judgment, reversed, and the justice's judgment affirmed.