## DUFF *v.* HART.

*(Common Pleas of New York City and County, Additional General Term.*
November 4, 1891.)

1. ACTION FOR RENT—SUBMISSION OF QUESTION TO JURY—FAILURE TO OBJECT.

In an action to recover the rent of the upper portion of the building leased by defendant for the purpose of a florist's establishment and dwelling, defendant pleaded a constructive eviction by plaintiff in leasing the lower floors for the purposes of a public laundry. The court submitted to the jury, without objection from plaintiff, the question whether any laundry, however well conducted, could be maintained on the lower floor without rendering the upper floor untenantable for defendant's purposes. *Held*, that plaintiff, having failed to object to the submission of such question, thereby admitted the sufficiency of the evidence to sustain a finding that the maintenance of the laundry destroyed the beneficial use of defendant's floors.

2. SAME—CONSTRUCTIVE EVICTION—INCOMPATIBLE USE OF BUILDING.

Defendant leased the upper floors of a building for use as a florist's establishment and dwelling. Plaintiff afterwards let the lower floors for the purposes of a public laundry, which were incompatible with the further use of the upper floors by defendant for his purposes. *Held*, in an action to recover rent for the upper floors, defendant having left the premises, that the leasing of the lower floors to the laundry-man constituted a constructive eviction of defendant, and that plaintiff was not entitled to recover.

Appeal from seventh district court.

Action by Wilson J. T. Duff, plaintiff, against Harry Hart, defendant, to recover rent of demised premises abandoned by defendant. From a judgment for defendant plaintiff appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*James F. Pendleton,* for appellant. *Albert L. Cohn,* for respondent.

BISCHOFF, J. The question presented in the case at bar is whether the defendant was evicted from the premises demised to him. Plaintiff had let the upper portion of the building No. 1236 Third avenue, in the city of New York, to defendant, restricting him, however, in the use thereof to the purposes of a florist's establishment and dwelling. Thereafter he let the lower portion expressly for the purposes of a public laundry. After the laundry was in operation, defendant left the premises demised to him before the expiration of his term, and in this action, brought to recover rent which had accrued subsequent to the abandonment of the premises, claimed to have been evicted therefrom. The justice submitted the question to the jury on the trial, without objection or exception thereto, whether any laundry whatever, and however properly conducted, could be maintained in the basement of the building in question, regard being had to its construction and condition, without necessarily destroying the tenantability of the remaining or upper portion thereof, occupied by the defendant, and whether in fact the maintenance of the laundry did render the premises let to the defendant untenantable. The verdict was in favor of the defendant, and it must be assumed, therefore, that the jury found the building to be unadapted for the purposes of a laundry, and that its maintenance and operation defeated the further beneficial use of the defendant's premises. With this finding this court cannot interfere, because, by his acquiescence in the charge, deduced from his omission to object or except thereto, the plaintiff has admitted the sufficiency

of the evidence to sustain the finding; and whether the laundry constituted a nuisance or not is a matter, therefore, wholly immaterial for our determination on this appeal. The finding substantially is that, because of its construction and condition, the building was unsuited for the purposes of a public laundry, and that its maintenance in the basement was incompatible with the further use of the remainder of the building for other purposes. There is, it is true, no implied warranty on the part of a landlord that the premises let are fit or will remain fit for the particular purposes to which the tenant may wish to apply them, but there is implied in every lease a covenant on the part of the landlord that during the term agreed upon the tenant shall have the quiet enjoyment of the premises demised. While this covenant does not operate to render the landlord liable for the acts of strangers, it is, however, violated if the landlord, either by the omission to perform some duty devolving upon him respecting the demised premises, or by his direct or indirect interference therewith, so alters the condition thereof that the premises become unfit for the purposes to which they might or could have been applied at the time of the letting. The landlord's agreement is substantially that he will not do or cause to be done anything by means of which the tenant will be prevented from using the premises for any intended lawful purpose (*Bank* v. *Newton*, 76 N. Y. 616; *Koehler* v. *Scheider*, [Com. Pl. N. Y.] 4 N. Y. Supp. 611; *Tallman* v. *Murphy*, 120 N. Y. 345, 24 N. E. Rep. 716) to which they could or might have been applied at the time of letting.

A case parallel with the present, and which will serve to illustrate how the tenant's eviction may be effected by the landlord by means not amounting to the creation of a nuisance, and yet so completely altering the condition of the premises demised that their continued beneficial use and enjoyment is determined, is that of *Denison* v. *Ford*, 7 Daly, 384. There the tenant had hired "Stand No. 46" in a building owned by the landlord, and let and used for market purposes. Subsequent to the lease the landlord discontinued the use of the building for such purposes, induced other tenants to surrender their stands, and extinguished the lights and closed the doors excepting such as were near the tenant's stand. The tenant thereupon abandoned the stand, and brought suit to recover damages for his alleged eviction. It was held that the acts of the landlord amounted to an eviction of the tenant, and that the latter was entitled to recover. In the case now submitted to us the establishment and maintenance of a public laundry in the basement of the building upon the plaintiff's authority and with his consent, and because of the unfitness of the building for such purposes, worked such a change in the condition of the premises let to the defendant that the uses to which he could have applied them at the time they were let to him were prevented, and he was thus deprived of the beneficial use and the quiet enjoyment thereof. Having let the basement for that specific purpose, and authorizing and consenting to its use as a public laundry, the plaintiff is chargeable with the results flowing therefrom. That the business of a laundry-man is lawful, and that this particular laundry was as well conducted as any laundry could be, cannot impair the plaintiff's responsibility for its presence and maintenance in the building. By its operation he effectually deprived the defendant of the use of the premises let to him, and, if this did not constitute a case of constructive eviction, it would be difficult to determine what would. The judgment appealed from should be affirmed, with costs.