(3 Misc. Rep. 76.)

### TALLMAN v. EARLE.

(Common Pleas of New York City and County, General Term. March 6, 1893.)

LANDLORD AND TENANT—DEFECTS IN PREMISES—EFFECT ON RENT.
The lessee of an apartment is justified in abandoning the same before his lease expires, where it appears that the flue of the steam boiler is so placed as to cause the walls of the rooms to be so uncomfortably hot as to cause apprehensions of fire, and to produce an unwholesome smell of burning wood; that the elevator was so operated as to cause unnecessary noise; and that one of the rooms was untenantable by reason of effluvia arising from garbage dumped in the hall by other tenants; and the owner of the apartment house, who retained possession of the halls, elevators, and heating apparatus, failed to remedy the defects after notice; Laws 1860, c. 345, providing that a lessee of a building which shall without his fault become untenantable may quit the premises and be discharged from the rent.

Appeal from trial term.
Action by Jacob B. Tallman against Ferdinand P. Earle to recover the rents of rooms in an apartment house. A judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Reversed.
Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

R. Davidson and Isaac L. Miller, for appellant.
J. M. Smith, for respondent.

DALY, C. J. The defense to the action for rent of the apartments occupied was that, the premises being untenantable for certain reasons set out in the answer, it was agreed between him and the plaintiff that he should surrender possession, and indemnify for any com-

missions for reletting, and that the plaintiff would receive the said agreement in full satisfaction and discharge of the lease, and that thereupon the defendant, on or before October 1, 1879, surrendered possession, delivered the key, indemnified the plaintiff, and kept all the conditions of the agreement on his part, and that said plaintiff accepted the same, and ever since then has been in possession of the premises. This defense was duly submitted to the jury upon the evidence offered on both sides, and a verdict was rendered in favor of the plaintiff, and no error is alleged in respect of the submission of that defense to the jury. The defendant was permitted, however, to amend his answer upon the trial by alleging, after the allegations respecting the untenantable condition of the premises, that by reason thereof he was constructively evicted from the said premises. Upon this defense testimony was taken as to the untenantable condition of the premises, but such testimony was afterwards excluded from the consideration of the jury, and the defendant's exceptions to the ruling of the court in that regard present the only question to be determined upon this pleading. The learned judge at the trial ruled in accordance with the views expressed in a former opinion delivered at this general term upon the prior appeal in this action, (13 N. Y. Supp. 805,) but it becomes necessary, under a late decision of the court of appeals, (Tallman v. Murphy, infra,) to observe a different rule with respect to the defense set up in the answer. The defense was that the flue of the steam boiler under the apartment occupied by the defendant was so placed as to render the place untenantable, and to cause the wall of defendant's rooms to be uncomfortably hot, and so near to a beam as to cause an unwholesome smell of burning wood, which, shortly after the defendant left, occasioned a fire, to the great damage of persons in the occupation of the rooms which the defendant hired; that the machinery for the elevator was operated by the plaintiff and his servants in such an unskillful manner as to occasion a great deal of unnecessary noise and confusion; that one of the rooms rented to the defendant was unwholesome and untenantable by reason of its dampness, and unwholesome by reason of the effluvia and offensive air arising from the use and occupation of other portions of said premises in dumping coal ashes and garbage in the hall by persons occupying rooms above defendant, under a license subsequently granted by the plaintiff. The defendant testified that during the months of August and September, 1879, there was a strong smell of smoke and burning wood in the back room of the apartment used as a bedroom; that this odor was continuous, and made him and his family apprehensive of fire, deprived them of sleep, caused them to get up at night to go through the apartments, and they considered themselves in danger, and finally left the premises; that the janitor was notified that there was a smell of something burning under the apartments, and that it ought to be rectified or looked into, but nothing was ever done towards rectifying it; that the smoke came from a defective flue, and the janitor was notified of the fact, but nothing was done, and it continued to annoy the defendant until he vacated. Evidence was given as to an unusual noise from the running of the

elevator, which was annoying and offensive. Evidence of the origin of the fire was excluded, except that there was no defect in the construction of any furnace or smoke pipe in the building; and all the evidence as to the matters in question was finally stricken out by the court, on the ground that the plaintiff, the landlord, was not connected with any of the matters claimed.

In Tallman v. Murphy, 120 N. Y. 345, 24 N. E. Rep. 716, which was an action to recover rent of an apartment such as the defendant here occupied, it appeared that there was an odor of coal gas in the apartment, which made the tenant sick; that the gas, with smoke, came through the flues from the rooms occupied by other tenants; that there were loud explosions day and night, which alarmed the tenants so that they left the premises, and that the explosions came from the water tank on the roof. It was held that the evidence sustained the claim of an eviction, and justified the abandonment of the premises under the act of 1860, (chapter 345,) which authorizes the lessee of a building which shall without fault or negligence on his part be so injured by the elements or other causes as to be untenantable to quit and surrender possession, and discharge him from the rent. The decision was placed upon the ground that the landlord in the apartment house in question retained charge and control of the heating of the premises, sanitary arrangements, supplied the water, etc., and that it was his duty to the tenant to see that all such matters and appliances were kept in proper order, and that any discomfort or apparent peril arising from a breach of such duty was a nuisance of his creation. The building in which this defendant was a tenant was an apartment house, so arranged that several rooms on one floor should constitute an apartment, and intended to furnish therein complete arrangements for the occupation of one family. The plaintiff occupied the apartment nearest Fifth avenue, on the first floor. The owner retained charge of and control over everything that was common to the whole building, of which each person had the use or the beneficial enjoyment, such as the hallways, elevators, heating apparatus, etc. If during the term of the defendant's lease any of these matters were mismanaged by the agent of the plaintiff so as to cause the premises to become untenantable, the tenant would be justified in abandoning them. A smell as of burning wood, so continuous and marked as to cause apprehensions of fire, would justify an abandonment. The apparent peril was not greater than that caused by loud explosions, the source of which could not be ascertained. In neither case was the tenant bound to remain in the premises at the risk, possibly, of his life and the lives of those under his care. He had no right or authority to alter the construction of the premises, or make repairs, as he would have in the case of the demise of an entire dwelling house. He could not remedy any defects in the elevator, or control the management, or prevent the use, by other tenants, of the premises under a license granted by the landlord. It was the duty of the latter, so far as the matters which he had retained under his exclusive control were concerned, to see that the beneficial enjoyment of the premises by the tenant was not interfered with. If he failed to perform that duty,

and the premises became untenantable, the tenant was justified in leaving. Duff v. Hart, (Com. Pl. N. Y.) 16 N. Y. Supp. 163. Whatever may have been said to the contrary of these views at a prior general term was the opinion only of the learned judge who wrote exhaustively upon the subject; but the majority of the court were not committed to all of the views expressed in that opinion, because the state of the pleadings then before the court made it a grave question whether any defense was set up, except that of surrender and acceptance. The soundness of the doctrine now expounded by the court of last resort with respect to the obligation of a landlord of a house divided into apartments to be let separately, and the rights of a tenant of such an apartment, cannot be questioned, and under the pleadings in this case, as amended at the trial, we think that the proof offered should have been received, and the defense submitted to the jury. Judgment reversed, and a new trial ordered, with costs to abide the event. All concur.