(10 Misc. Rep. 120.)

### ROMAINE et al. v. BREWSTER.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. APPEAL—FINAL JUDGMENT.

    A judgment of the general term of the city court of New York, reversing, with costs, a judgment of the special term sustaining a demurrer, is in form a final judgment, and is therefore appealable to the court of com-

mon pleas, though the entry of a final judgment on a decision overruling a demurrer is unauthorized.

2. COUNTERCLAIM—MATTERS ARISING OUT OF SAME TRANSACTION.
    In an action for rent, a counterclaim for damages resulting from constructive eviction by reason of the untenantable condition of the premises, without alleging a covenant in the lease for quiet enjoyment, states a cause of action not arising out of the same transaction.

Appeal from city court, general term.

Action by Benjamin F. Romaine and others against Thomas F. Brewster for rent, under a written lease. From a judgment of the city court (27 N. Y. Supp. 138) reversing a judgment sustaining a demurrer to defendant's counterclaim, plaintiffs appeal. Reversed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

Herman W. Schmitz, for appellants.
Lawrence Godkin, for respondent.

BISCHOFF, J.    To an action upon his covenant to pay rent under a lease of an apartment in the plaintiffs' apartment house, the defendant, besides pleading his eviction. from and abandonment of the demised premises before the accrument of the installments of rent sued for, interposed a counterclaim for damages alleged to have resulted from the eviction. The plaintiffs demurred to the counterclaim on the ground that it did not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, and was not connected with the subject of the action. Code Civ. Proc. § 501, subd. 1. At special term of the court below the demurrer was sustained, but at general term the defendant had judgment for reversal, with costs against the plaintiffs, and from that judgment the plaintiffs have appealed to this court.

The judgment under review awards costs against the plaintiffs, payment whereof may be enforced by execution. It is final in form, and so appealable to us. A final judgment, however, upon a decision overruling a demurrer, is unauthorized and erroneous. It must therefore be reversed, and the parties should cause the proper judgment to be entered in the court below. The only proper judgment is an interlocutory judgment, and from it no appeal will lie to this court. Biershenk v. Stokes (Com. Pl. N. Y.) 18 N. Y. Supp. 854.

It may perhaps be to the advantage of the litigants here to say that the decision at general term of the court below was error. The allegations of the answer respecting the counterclaim nowhere make mention of a covenant of quiet enjoyment, expressed or implied, as having been entered into by the plaintiffs, nor is any breach of any such covenant assigned as the foundation of the counterclaim. The answer admits the execution and delivery of the lease mentioned in and annexed to the complaint, and then, in substance, alleges that the plaintiffs, owing to their neglect to keep the part of the building of which they retained possession and control in a proper condition and state of repair, had caused a nuisance to be created and maintained on the premises, whereby the apartment leased to the defendant became untenantable, and he was compelled to remove

therefrom.    Bradley v. De Goicouria, 12 Daly, 393; Tallman v. Murphy, 120 N. Y. 351, 24 N. E. 716; Tallman v. Earle, 3 Misc. Rep. 76, 23 N. Y. Supp. 17; Duff v. Hart (Com. Pl. N. Y.) 16 N. Y. Supp. 163.. In the absence, therefore, of allegations essential to a cause of action ex contractu, it must be assumed that the cause of action intended to be asserted is ex delicto, the allegations being sufficient for that purpose.    Treating the counterclaim as ex delicto, it cannot be said to have arisen out of the contract or transaction set forth in the complaint, i. e. the lease.    Nor is it connected with the subject of the action,—the rent reserved.    Edgerton v. Page, 20 N. Y. 281,. 285.    The judgment should be reversed, with costs.