### SEBRING v. STRYKER.

#### (Steuben County Court. November 5, 1894.)

1. SUMMONS—SERVICE—PRIVILEGE OF WITNESS.
   One who comes into a county under a subpoena duces tecum to produce the books of a corporation of which he is an officer, though he might have obeyed the subpoena by sending a subordinate officer with the books, does not come voluntarily, and is therefore exempt from service of process summons from a justice court in such county, unless his attendance before the justice could be compelled by a summons served on him in the county of his residence.

2. SAME—WAIVER.
   The exemption of a witness from service of summons is a personal privilege only, and is waived unless it is asserted at the first opportunity.

3. EVIDENCE—ADMISSIONS—TESTIMONY IN ANOTHER ACTION.
   The substance of the testimony of a party given in a former action, like any other admissions, may be proven by a witness who heard it, and the minutes of the court in such former action need not be produced.

Appeal from justice court.

Action by Charles W. Sebring against William H. Stryker. Judgment was rendered in favor of plaintiff, and defendant appeals. Affirmed.

Richard H. Thurston, for appellant.
Jas. O. Sebring, for respondent.

ROBINSON, J. This is an appeal from a judgment rendered by a justice of the peace upon default of the defendant. Affidavits and the return of the justice show that the summons was served upon the defendant while he was in attendance at a court of the said justice as a witness in a case then being tried. A subpoena duces tecum had been served on him in Chemung county, requiring the production of certain books of the Columbian Knights, a corporation of which he was an officer. The defendant was a resident of Onondaga county. The point is made that the appearance of the defendant was voluntary because, under section 869 of the Code of Civil Procedure, the subpoena would have been deemed to have been sufficiently obeyed if the book or paper had been produced by a subordinate officer or employé who possessed the requisite knowledge to identify and testify respecting the purposes for which it was to be used; and, if a personal attendance of a particular officer was required, a subpoena without a duces tecum clause must also be served upon him. I hardly think that this construction can be placed upon this section of the Code. The defendant was bound to obey the subpoena duces tecum in one of two ways,—either personally or by his subordinate. He chose to obey the subpoena in person, perhaps not having a subordinate officer possessing the requisite knowledge to identify and testify, and thus compelled to attend in person. This can hardly be claimed to be a voluntary attendance, under all the circumstances. Sander v. Harris (Sup.) 14 N. Y. Supp. 37. It is the intention of section 2969 of the Code of Civil Procedure to preserve the old practice to compel the attendance of a witness from an adjoining county, irrespective of the residence of the witness. The defendant was within the jurisdiction of the justice when subpoenaed in Chemung county. It seems to be settled that a witness coming from another state for the purpose, only, of attending a trial as such, is "exempt" or "privileged" from the service of summons for the commencement of an action, eundo, morando, et redeundo. Matthews v. Tufts, 87 N. Y. 568; Person v. Grier, 66 N. Y. 124. A resident witness who could have been subpoenaed is only exempt from arrest in a civil action or special proceeding. Frisbie v. Young, 11 Hun, 474.

I have been unable to find any cases holding that by the service of summons under such circumstances the court failed to acquire jurisdiction; on the contrary, however, all authorities agree that it is a personal privilege only, which must be asserted at the first opportunity, or it is waived. The principle is the same where the privilege is from arrest. It may be waived. The privilege from civil arrest is embodied in the statute, and absolutely void if not waived. Code, §§ 860, 863. The privilege from service of summons depends upon the common law, and for the purpose of encouraging witnesses to voluntarily come within the jurisdiction. Stewart v. Howard, 15 Barb. 26; Farmer v. Robbins, 47 How. Pr. 415; Petrie v. Fitzgerald, 1 Daly, 401; Shults v. Andrews, 54 How. Pr. 380. I fully concur in the views expressed by the court in Pritsch v. Schlicht, 5 N. Y. St. Rep. 871, that there seems to be no good reason for distinguishing between the case of a witness coming voluntarily

within the jurisdiction of the supreme court, and one so coming within the jurisdiction of a court of limited jurisdiction, where his attendance could not have been compelled; but in this case a motion was made, at the first opportunity, to set aside the service of the summons. The defendant in the action under consideration here should have appeared before the justice on the return day of the summons, which was his first opportunity to have claimed his privilege, and, not having done so, thereby waived it. I believe this practice to be in keeping with all the authorities, and was the course pursued, although not discussed, in the following cases: Day v. Harris (Sup.) 14 N. Y. Supp. 3; Sander v. Harris, Id. 37. It therefore follows that the defendant did not voluntarily come within the jurisdiction of the justice, that the service of summons was sufficient to acquire jurisdiction, and that the exemption claimed by the defendant would have been a personal privilege only, which would have been lost by failure to assert it on the return day of the summons, and cannot be raised for the first time upon appeal.

It is claimed that the testimony given on the trial does not establish a cause of action, because the witness testified to the substance of what defendant testified on the trial of another action, according to the best of his recollection. The plaintiff had the right to prove the admissions of defendant made under oath, and it was not necessary to produce and prove it by the minutes of the court. Pickard v. Collins, 23 Barb. 444. "It is not necessary that the witness should be able to testify to the exact language, but he must be able to give the substance. He may state the impression on his mind as to the fact of what he said, but not what he understood to be meant by what he testifies was said." Abb. Tr. Brief, § 67, and cases cited. "It has been the uniform practice of the courts, in reviewing the proceedings had before justices of the peace, to regard them with marked indulgence and liberality, and, if possible, sustain them by every reasonable and warrantable intendment." Schoonmaker v. Spencer, 54 N. Y. 366, 370; Knight v. Wilson, 55 Hun, 559, 9 N. Y. Supp. 20; Beecher v. Kendall, 14 Hun, 329. The judgment should be affirmed.