(17 Misc. Rep. 160.)

AVRUTIN v. HENSEL et al.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

SET-OFF AND COUNTERCLAIM—SEPARATE DEBTS.
 In an action by an assignee to recover goods, or the value thereof, defendant cannot set up a counterclaim for freight charges paid by him under a contract with plaintiff's assignor.

Appeal from Fourth district court.

Action by Nathan Avrutin against John Hensel and others to recover certain goods received by defendants as forwarding agents, or the value of such goods. There was a judgment in favor of defendants on a counterclaim set up by them for freight charges incurred, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Miller & Moermann, for appellant.

M. L. Towns, for respondents.

BISCHOFF, J. The goods in suit were shipped by a certain party from a city in Russia, consigned to one Hirschmann, and to be delivered in the city of New York, a Russian transportation company taking the goods under contract for shipment, and delivering the shipper a bill of lading which expressed the terms of a contract of carriage, whereby the equivalent of $13 was to be paid upon arrival in New York, but to whom this payment was to be made does not appear. One Frank, who had some interest in the goods, thereafter received a letter from a Hamburg concern, naming these defendants as receivers of the goods, although it may be noted that the alleged translation of the letter in evidence merely refers to the property as "lost in New York." Frank, however, was not misled, and called upon the defendants with Hirschmann's bill of lading, and, making tender of the sum stated in that instrument to be due, demanded the goods, which demand was refused, the defendants claiming a lien for freight charges paid by them to the amount of $55.05. Hirschmann then assigned his claim to this plaintiff, who has brought this action for delivery of the goods, or their value, to which the defendants counterclaimed their charges, above noted, and judgment proceeded in their favor for the amount claimed. While there may well be doubt that any claim for freight charges was available to the defendants over and above the amount expressed in the bill of lading (Woodruff v. Havemeyer, 106 N. Y. 129, 134, 12 N. E. 628), or that their counterclaim, founded upon an implied contract, could be entertained in this action for the goods as connected with the subject of the action or arising out of the transaction in suit (Romaine v. Brewster, 10 Misc. Rep. 120, 30 N. Y. Supp. 948), it is not essential that these points be decided, since, in any event, the judgment must be reversed for the very obvious error committed by the justice below in allowing a recovery by the defendants against the plaintiff personally for a debt due, if at all, from his assignor of the cause of

action.   Montanye v. Montgomery (Com. Pl.) 19 N. Y. Supp. 655. As a defense alone, this claim might possibly have prevailed, but an affirmative judgment against the plaintiff, based upon it, was quite without warrant in law.

The judgment must be reversed, and a new trial ordered, with costs to abide the event.   All concur.