THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER R. BAL-
LARD, Relator, *v.* FRANK Moss and Others, Commissioners, Com-
posing the Board of Police of the Police Department of the City
of New York, Respondents.

*Police officer — proceedings for his removal — effect of a failure of the record to show*
*that witnesses were sworn — testimony of the officer which establishes the charges*
*made against him.*

*Semble*, that the mere fact that the record of the conviction of a police officer and
the stenographer's minutes do not show that certain witnesses examined in the
proceedings before the police commissioners for his removal were sworn (there
being nothing in the record to show that they were not) is not sufficient to
require, on a review of such proceedings under a writ of certiorari, that they
be set aside, the legal presumption always being that a public official having
jurisdiction to act has acted legally until the contrary appears.

Testimony under oath by the officer himself that he went off his post for a short
time on two different occasions, and that when ordered to the station house he
said to the roundsman, who there made a complaint against him, "You lie,"
amounts to a confession of the charges of using disrespectful language to his
superior officer, and that he did not properly patrol his post, and that he was
absent therefrom.

CERTIORARI issued out of the Supreme Court and attested on the
8th day of October, 1897, directed to Frank Moss and others, com-
missioners, composing the board of police of the police department
of the city of New York, commanding them to certify and return to
the office of the clerk of the county of New York all and singular
their proceedings in relation to the dismissal of the relator from his
position as patrolman in the police force of the police department
of the city of New York.

*Hyacinthe Ringrose*, for the relator.

*Terence Farley*, for the respondent.

McLAUGHLIN, J.:

The relator was removed from the police force of the city of New
York after a hearing before the commissioners upon a charge of
conduct unbecoming an officer, neglect of duty and insubordination.
There were four specifications of the charge: (1) That the relator

used disrespectful language to his superior officer at the sixth precinct station house at a time named; (2) that the relator did not properly patrol his post, and could not be found thereon for a certain interval of time on the morning of the 15th of July, 1897; (3) that he refused to patrol his post at one o'clock in the morning of that day, and (4) that he was also absent from his post at another time on that day.

On the return of a writ of certiorari to review the action of the police commissioners in removing the relator, he contends that his conviction of the charge and his subsequent removal were unauthorized and contrary to law, for the reason that it does not appear from the return that the witnesses against him on the hearing were sworn. It is true that the return does not show that an oath was administered to all the witnesses. The commissioners have made a return that "an examination of the stenographer's minutes taken upon the hearing fails to disclose whether or not" certain witnesses named were sworn. But there is nothing in the record to show that they were not sworn, and this statement of what the stenographer's minutes fails to disclose falls far short of establishing that fact. In *People ex rel. Kasschau* v. *Police Commissioners* (155 N. Y. 40) the Court of Appeals held that, in proceedings of this character, the witnesses against the accused must be sworn; the general principle being stated that "when a party is protected in the enjoyment of a public office or employment from removal, except for cause to be ascertained and adjudged upon a hearing of a judicial nature, and it appears that he has been removed without any proof of the necessary facts upon oath, the determination if not absolutely without jurisdiction, is clearly erroneous as matter of law." But it will be observed, upon an examination of the *Kasschau* case, that the Court of Appeals say "in the return to the writ of certiorari the commissioners *state affirmatively* that none of the witnesses called to prove the charge were sworn." In the return before us no such affirmative declaration appears. The most that can be said is that the record fails to disclose whether certain witnesses were sworn or not. The commissioners had jurisdiction to entertain charges against this relator and to put him upon his trial therefor. This they did, and now we are asked to assume irregularities in that trial and to conclude from the fact that the record does not

contain a statement that the witnesses were sworn, that, therefore, they were not sworn. This we cannot do. The legal presumption always is that a public official having jurisdiction to act, has acted legally until the contrary appears. Thus, in *Stafford* v. *Williams* (4 Den. 182) it was held on a certiorari to review a justice's judgment, when the defendant did not appear before the justice, that it would be presumed that the justice waited one hour after the time named in the summons before proceeding with the case, unless the contrary expressly appeared. In delivering the opinion in that case the court said " the legal presumption is in favor of the proper discharge of official duty, and we must intend that the proceedings were regular until the contrary plainly appears." To the same effect is *Knight* v. *Wilson* (55 Hun, 559) where it was claimed that a justice of the peace did not wait one hour after the time specified in the summons for its return as required by section 2893 of the Code of Civil Procedure. The court, speaking through MARTIN, J., said : " There is nothing in the return to show that the justice did not wait the required time, and we cannot think that the respondent was bound to show *affirmatively* that this provision of the statute was complied with, but are of the opinion that the burden of showing error in that respect was upon the appellant, who should have obtained an amended return showing plainly that the justice failed to wait an hour if such was the fact."

But independent of this fact it affirmatively appears that there was testimony under oath before the commissioners on the trial of this relator which established the substance of the charge against him, and that testimony was given by himself under his own oath. He testified that he went off his post for a short time on two different occasions during the evening in question, once when he went to the St. Cloud Hotel and once when he went for a bag of tobacco. He also testified that at the station house, to which he had been ordered, he said to the roundsman who there made a complaint against him " you lie," which is the specification of the use of disrespectful language referred to in the charge. His testimony, in fact, amounts to a confession under oath of the charge against him. In any view there was enough sworn testimony before the commissioners on the relator's own showing to authorize them in the interest of the discipline of the service to dismiss him.

The writ of certiorari should be quashed and the proceedings of the commissioners affirmed, with costs.

PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., dissented.

Writ quashed and proceedings affirmed, with costs.