PEOPLE ex rel. BALLARD v. MOSS et al.

(Supreme Court, Appellate Division, First Department. November 11, 1898.)

CERTIORARI—PRESUMPTIONS.

Where it does not affirmatively appear from the return to a writ of certiorari to review proceedings of a board of police commissioners in dismissing an officer for cause, that the witnesses against him were unsworn, it will be presumed that they were.

Van Brunt, P. J., dissenting.

Certiorari by the people, on the relation of Walter R. Ballard, against Frank Moss and others, comprising the board of police of the police department of the city of New York. Writ quashed, and proceedings of the board affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Hyacinthe Ringrose, for relator.
Terence Farley, for respondent.

McLAUGHLIN, J. The relator was removed from the police force of the city of New York, after a hearing before the commissioners,

upon a charge of conduct unbecoming an officer, neglect of duty, and insubordination. There were four specifications of the charge: (1) That the relator used disrespectful language to his superior officer at the Sixth precinct station house at a time named; (2) that the relator did not properly patrol his post, and could not be found thereon for a certain interval of time on the morning of the 15th of July, 1897; (3) that he refused to patrol his post at 1 o'clock in the morning of that day; and (4) that he was also absent from his post at another time on that day. On the return of a writ of certiorari to review the action of the police commissioners in removing the relator he contends that his conviction of the charge, and his subsequent removal, were unauthorized, and contrary to law, for the reason that it does not appear from the return that the witnesses against him on the hearing were sworn. It is true that the return does not show that an oath was administered to all the witnesses. The commissioners have made a return that "an examination of the stenographer's minutes taken upon the hearing fails to disclose whether or not" certain witnesses named were sworn. But there is nothing in the record to show that they were not sworn, and this statement of what the stenographer's minutes fail to disclose falls far short of establishing that fact. In People ex rel. Kasschau v. Board of Police Com'rs, 155 N. Y. 40, 49 N. E. 257, the court of appeals held that in proceedings of this character the witnesses against the accused must be sworn; the general principle being stated that, "when a party is protected in the enjoyment of a public office or employment from removal except for cause, to be ascertained and adjudged upon a hearing of a judicial nature, and it appears that he has been removed without any proof of the necessary facts upon oath, the determination is not absolutely without jurisdiction, is clearly erroneous as matter of law." But it will be observed upon an examination of the Kasschau Case that the court of appeals say, "In the return to the writ of certiorari the commissioners state affirmatively that none of the witnesses called to prove the charge were sworn." In the return before us no such affirmative declaration appears. The most that can be said is that the record fails to disclose whether certain witnesses were sworn or not. The commissioners had jurisdiction to entertain charges against this relator, and to put him upon his trial therefor. This they did, and now we are asked to assume irregularities in that trial, and to conclude from the fact that the record does not contain a statement that the witnesses were sworn that, therefore, they were not sworn. This we cannot do. The legal presumption always is that a public official having jurisdiction to act has acted legally, until the contrary appears. Thus, in Stafford v. Williams, 4 Denio, 182, it was held on a certiorari to review a justice's judgment, when the defendant did not appear before the justice, that it would be presumed that the justice waited one hour after the time named in the summons before proceeding with the case, unless the contrary expressly appeared. In delivering the opinion in that case the court said: "The legal presumption is in favor of the proper discharge of official duty, and we must intend that the proceedings

were regular until the contrary plainly appears." To the same effect is Knight v. Wilson, 55 Hun, 559, 9 N. Y. Supp. 20, where it was claimed that a justice of the peace did not wait one hour after the time specified in the summons for its return, as required by section 2893 of the Code of Civil Procedure. The court, speaking through Martin, J., said, "There is nothing in the return showing that the justice did not wait the required time, and we cannot think that the respondent was bound to show affirmatively that this provision of the statute was complied with, but are of the opinion that the burden of showing error in that respect was upon the appellant, who should have obtained an amended return showing plainly that the justice failed to wait an hour, if such was the fact." But, independent of this fact, it affirmatively appears that there was testimony under oath before the commissioners on the trial of this relator which established the substance of the charge against him, and that testimony was given by himself under his own oath. He testified that he went off his post for a short time on two different occasions during the evening in question,—once when he went to the St. Cloud Hotel, and once when he went for a bag of tobacco. He also testified that at the station house to which he had been ordered he said to the roundsman who there made a complaint against him, "You lie," which is the specification of the use of disrespectful language referred to in the charge. His testimony in fact amounts to a confession under oath of the charge against him. In any view, there was enough sworn testimony before the commissioners, on the relator's own showing, to authorize them, in the interest of the discipline of the service, to dismiss him.

The writ of certiorari should be quashed, and the proceedings of the commissioners affirmed, with costs. All concur, except VAN BRUNT, P. J., dissenting.