THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMIL KASSCHAU, Appellant, *v.* THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, Respondent.

1. PUBLIC OFFICERS — REMOVAL — HEARING. When a party is protected from removal from a public office or employment except for cause, to be ascertained and adjudged upon a hearing of a judicial nature, and it appears that he has been removed without any proof of the necessary facts on oath, the determination, if not absolutely without jurisdiction, is clearly erroneous as matter of law.

2. NEW YORK CITY — REMOVAL FROM POLICE FORCE — TRIAL. To constitute a hearing or trial, prerequisite to the lawful removal of a member from the police force of the city of New York, the testimony must be on oath.

3. RULE OF POLICE BOARD. Even if the exception in the rule of the police board, that the testimony upon the hearing of charges must be on oath "except in trivial cases," is of any validity, it has no application to a hearing which results in a removal from the force.

4. OMISSION OF ACCUSED TO EXCEPT. The reception of unsworn testimony in support of the charges upon a hearing resulting in a removal from the police force, is not cured by the omission of the accused to require the witnesses to be sworn, or his failure to take any exception to the proceeding.

*People ex rel. Kasschau* v. *Roosevelt*, 12 App. Div. 628, reversed.

(Argued January 10, 1898; decided January 25, 1898.)

APPEAL from a final order of the Appellate Division of the Supreme Court in the first judicial department, entered January 7, 1897, affirming, on certiorari, a determination of the board of police commissioners of the city of New York dismissing the relator from the police force of the city.

The facts, so far as material, are stated in the opinion.

*Roger Foster* and *R. S. Baldwin* for appellant. The fact that the relator, through his lack of counsel, did not take technical exceptions to the gross irregularity which prevailed throughout the trial cannot prejudice him when the proceedings are brought before the courts for review. (Code Civ. Pro. § 2140; *People ex rel.* v. *Hayden*, 7 Misc. Rep. 278; *People ex rel.* v. *Martin*, 152 N. Y. 311; *People ex rel.* v. *Roosevelt*, 6 App. Div. 382.) There was no charge of any offense which justified punishment. (*People ex rel.* v. *Taylor*, 3 Den. 91; *Biggs* v. *People*, 8 Barb. 547; *U. S.* v. *Mills*, 7 Pet. 138; *U. S.* v. *Cruikshank*, 92 U. S. 542; *U. S.* v. *Cook*, 17 Wall. 168; *People ex rel.* v. *Martin*, 143 N. Y. 407; *People ex rel.* v. *Roosevelt*, 7 App. Div. 610; *People ex rel.* v. *Bd. of Police*, 55 Hun, 445; *People ex rel.* v. *French*, 119 N. Y. 493; *People ex rel.* v. *Wurster*, 91 Hun, 233; *People ex rel.* v. *Roosevelt*, 19 App. Div. 152.) The delay was sufficiently explained and excused. (*People ex rel.* v. *MacLean*, 17 N. Y. Supp. 475.) The

admission of hearsay evidence is a sufficient cause for a reversal of the proceedings. (*People ex rel.* v. *Roosevelt,* 6 App. Div. 382; *People ex rel.* v. *Roosevelt,* 5 App. Div. 328; Greenl. on Ev. § 1.) The omission to swear the witnesses was a fatal error. (*Shaw* v. *Spencer,* 100 Mass. 382; *U. S.* v. *Bell,* 81 Fed. Rep. 830.) The compelling the accused to testify against himself before any evidence had been offered against him, when he was not represented by counsel and was not warned nor informed that he had a right to refuse to criminate himself, was also a fatal error. (*U. S.* v. *Bell,* 81 Fed. Rep. 830; *Cancemi* v. *People,* 18 N. Y. 128; *People ex rel.* v. *Van Allen,* 55 N. Y. 31; *People ex rel.* v. *Nichols,* 79 N. Y. 582.)

*Francis M. Scott* and *Terence Farley* for respondent. The order appealed from is not reviewable in this court. (*People ex rel.* v. *Police Comrs.,* 82 N. Y. 508; *People ex rel.* v. *Tax Comrs.,* 85 N. Y. 655; *People ex rel.* v. *Tax Comrs.,* 144 N. Y. 487; *People ex rel.* v. *Suprs. Queens Co.,* 153 N. Y. 370.) The judgment of the Appellate Division is final and conclusive, and this court is without power to entertain this appeal, for the reasons that the respondent had jurisdiction, there was evidence legitimately tending to support its decision, and no rule of law was violated to the prejudice of the relator. (*People ex rel.* v. *Fire Comrs.,* 82 N. Y. 360; *People ex rel.* v. *Smith,* 45 N. Y. 772; Code Civ. Pro. § 2140; *People ex rel.* v. *French,* 92 N. Y. 310; *People ex rel.* v. *Gilon,* 121 N. Y. 560; *People ex rel.* v. *Fire Comrs.,* 106 N. Y. 257; *People ex rel.* v. *Martin,* 142 N. Y. 352; *People ex rel.* v. *Barker,* 152 N. Y. 417.) The petition is radically defective in that it does not contain the jurisdictional allegation that the adjudication which is sought to be reviewed finally determines the rights of the parties with respect to the matter sought to be reviewed. (Code Civ. Pro. § 2122.) It was not error to consider the relator's record for the purpose of considering the punishment which should be meted out to him. (*People ex rel.* v. *Roosevelt,* 1 App. Div. 434; 151 N. Y. 675;

*People ex rel.* v. *Roosevelt,* 2 App. Div. 536 ; 153 N. Y. 657 ; *People ex rel.* v. *Roosevelt,* 5 App. Div. 328 ; *People ex rel.* v. *Roosevelt,* 17 App. Div. 301.)   The allegation of the return that the relator was tried " in the manner required by law and the rules and regulations of the board of police," must be taken as conclusive and acted upon as true.  (*People ex rel.* v. *Roosevelt,* 7 App. Div. 308.)   Apart from the conclusiveness of the allegation of the return, it is apparent from an inspection of the minutes of the trial that the relator waived his right to insist that the witnesses be sworn.  (*People ex rel.* v. *Brookfield,* 6 App. Div. 445 ; 151 N. Y. 674 ; *Sentenis* v. *Ludew,* 140 N. Y. 463 ; *Mayor, etc.,* v. *M. R. Co.,* 143 N. Y. 1 ; *Lord* v. *Brown,* 5 Den. 345 ; *Slauter* v. *Whitlock,* 12 Ind. 338 ; *Cady* v. *Norton,* 12 Pick. 236 ; *Nesbitt* v. *Dallam,* 28 Am. Dec. 236.)  The omission to swear the witnesses was not a jurisdictional defect ; at most it was an irregularity of procedure which was waived by the relator.  (*Maas* v. *McEntegart,* N. Y. L. J., Nov. 5, 1897 ; *Armstrong* v. *Percy,* 5 Wend. 536 ; *Kiernan* v. *D. C. M. Ins. Co.,* 150 N. Y. 190 ; *Foley* v. *Royal Arcanum,* 151 N. Y. 196 ; *Matter of N. Y., L. & W. R. R. Co.,* 98 N. Y. 447 ; *H. K. & S. B. Corp.* v. *Cooper,* 114 N. Y. 388 ; *Dougherty* v. *M. L. Ins. Co.,* 87 Hun, 17 ; *Hine* v. *N. Y. E. R. R. Co.,* 149 N. Y. 161.)  The interests of the service required that a wide discretion should be vested in the commissioners in determining what is " neglect of duty," and their judgment on this point, unless there is a total absence of evidence to sustain it, ought not to be disturbed.  (*People ex rel.* v. *Fire Comrs.,* 82 N. Y. 358 ; *People ex rel.* v. *French,* 110 N. Y. 494.)

O'BRIEN, J.   The relator was removed by the defendants from the police force upon a charge of neglect of duty, in that he was absent from special roll call at seven o'clock in the forenoon of December 22d, 1895, and failed to report until eleven of that day, when he reported sick by a messenger. This absence of four hours was, so far as appears, the sole cause for his discharge.   If there is anything in the record

that can be called testimony, the fact of absence from roll call was established, and it is just as clear that the reason for his absence was sickness. It may be that the commissioners were not absolutely bound to believe his statement; and if the trial was regular, and there were no other questions in the case, we would hesitate before interfering with the result in the court below. But, in the return to the writ of certiorari, the commissioners state affirmatively that none of the witnesses called to prove the charge were sworn; and, when we look into the record, it is found that what took place before the acting commissioner bears little, if any, resemblance to a judicial proceeding. The relator was not subject to removal except for some legal cause, to be ascertained and adjudged as matter of fact upon a hearing. This contemplates a judicial investigation in which there must, at least, be some legal responsibility for perjury, or some protection to the accused against falsehood. The issue to be determined was one of fact. The proceeding was judicial in character, and, hence, the tribunal before which the investigation was had could not dispense with the usual form of procedure by acting upon statements not given under the responsibility of an oath. When the court proceeded to judgment, without the observance of such an essential prerequisite to every judicial inquiry, the determination was not judicial in character, or such as the statute contemplates. While some latitude is allowed with respect to the rules of evidence, yet to remove a party from a public office upon a charge involving a question of fact without even swearing the witnesses is to abandon the fundamental form of judicial action. A determination thus made is not the result of a trial or a hearing in any proper sense, and hence the relator was removed from office without such a trial or hearing as the law contemplates.

The statute confers power upon the defendants to formulate rules for the government of their proceedings, and one of the rules enacted under this power provides that the testimony upon such a hearing must be on oath except in trivial cases. It would be difficult to show that they have power in

any case when acting in a judicial character to enact a rule dispensing with an oath to witnesses, since such a rule would be repugnant to the very nature of a trial or hearing. But however that may be, it is safe to assert that a proceeding which results in the removal of a person from office cannot well be called a trivial case. If the charge was trivial the punishment was not. The judgment was that the relator should be removed from the force and this was the highest penalty that the defendants had the power to inflict. So that if this was a trivial case then all such cases, resulting in the same determination, must be trivial whatever may be the nature of the charge.

When a party is protected in the enjoyment of a public office or employment from removal except for cause, to be ascertained and adjudged upon a hearing of a judicial nature, and it appears that he has been removed without any proof of the necessary facts upon oath, the determination, if not absolutely without jurisdiction, is clearly erroneous as matter of law.

It is no answer to this objection to say that the relator did not require the witnesses to be sworn or that he failed to take any exception to the proceeding. The burden of making out the case was upon the prosecution. The accused may remain silent, and the omission of the relator in this case to interfere with the duties of the commissioners cannot cure the defect referred to.

The order of the Appellate Division and the determination of the commissioners should be reversed, with costs in all courts.

All concur, except GRAY, J., who dissents.

Order reversed.