THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS R. GROGAN, Appellant, *v.* BERNARD J. YORK et al., as Police Commissioners of the City of New York, Respondents.

APPEAL — WHEN QUESTION RAISED DOES NOT MERIT CONSIDERATION.   Where a return to a writ of certiorari to review the proceedings of police commissioners of a city, in dismissing the relator from the police force, shows affirmatively that the dismissal was improper, a contention that the writ must fail for the reason that the relator did not allege, in his petition, the invalidity of a claim, not made until nearly two years after the petition was filed, and which had no connection, actual or pretended, with the act charged and for which the relator was dismissed, is totally without substance and does not merit consideration.

*People ex rel. Grogan* v. *York*, 58 App. Div. 624, reversed.

(Argued April 17, 1901; decided April 26, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1901, affirming the action of the defendants as police com-

missioners of the city of New York in dismissing the relator from the police department of that city.

The questions involved in this case arose upon a certiorari issued to review the action of the respondents, and the several returns thereto. The only charge originally made as a basis for the removal of the relator was that he was absent from roll call at one o'clock P. M., October 19, 1897, and that he did not report for duty until six o'clock and twenty minutes in the afternoon of the same day. The charges were in writing, and a copy thereof, with notice that the relator was required to answer them in accordance with and in the manner required by the rules of the force, and that they would be examined into by the police commissioners on the twenty-eighth of October, 1897, at ten o'clock A. M., was served upon the relator on the 30th of October, two days subsequent to the time appointed for such hearing. The matter was adjourned until the 11th of November, but there is nothing in the record to show that the relator had any notice of such adjournment, while it did show that he was on the sick list. On that day Acting Sergeant Bauer stated that on the 19th of October, the relator was absent from the one o'clock roll call and did not report until six o'clock and twenty minutes, P. M. He was not sworn, and no evidence was taken to prove the charges of which the relator was convicted and for which he was dismissed.

The original return was made in January, 1899. The courts having decided that unsworn testimony was insufficient to justify a dismissal from the police force (45 App. Div. 504), a motion was made in the Supreme Court by the commissioners in March, 1900, to permit them to amend the return first filed herein " by setting forth the fact, if it is a fact, that from November 5th, 1897, to November 11th, 1897, inclusive, the relator herein absented himself without leave, and that by reason of that fact he ceased to be a member of the police force." This motion was granted. In pursuance thereof and in the same month the respondents made a further return, wherein they alleged that the records of the department disclosed that the relator was absent, without leave, from the 5th

of November, 1897, to the 11th of November, 1897, that, as they were advised, his absence without leave for five consecutive days was equivalent to a resignation, and that he ceased, at the expiration of that period, to be a member of the police force and was dismissed therefrom without further notice. In October, 1900, they made another return, in which they alleged that a further examination of the record disclosed that the relator was absent, without leave, from six o'clock P. M., November 6, 1897, and not November 5, 1897, as alleged in their former return. In November of that year the relator applied to the Supreme Court for, and obtained, an order compelling the respondents to file a further return stating whether, according to the records of the department, the alleged five days' absence of the relator had or had not elapsed, exclusive of the day of trial. In pursuance of that order, the commissioners made a further return in which they stated that, as appeared by the record, the alleged five days' absence of the relator had not elapsed, exclusive of the day of trial.

Upon the petition, writ of certiorari and the several returns thereto the proceeding was brought on to be heard before the Appellate Division in the first department. After such hearing that court dismissed the writ and affirmed the proceedings of the commissioners, with fifty dollars costs and disbursements to them.

*Louis J. Grant* for appellant. By the final return it is stated that the alleged five days' absence of relator had not elapsed exclusive of the day of trial, so that relator was not off the force by reason of five days' absence without leave at the time of the trial. (*People ex rel.* v. *York*, 51 App. Div. 502; *People ex rel.* v. *Bd. of Police Comrs.*, 114 N. Y. 245.) The failure to swear the witnesses was fatal to the action of the commissioners in dismissing the relator. (*People ex rel.* v. *Bd. Police Comrs.*, 155 N. Y. 40.)

*John Whalen*, Corporation Counsel (*Theodore Connoly* and *Terence Farley* of counsel), for respondents. The peti-

1901.]    People ex rel. Grogan v. York.    585

N. Y. Rep.]    Opinion of the Court, per Martin, J.

tion upon which a writ of certiorari is issued must show upon its face the injury or error complained of, and no error will be considered which is not specifically set out in such petition. (*People ex rel.* v. *Scannell*, 56 App. Div. 51; *People ex rel.* v. *York*, 51 App. Div. 502.) The relator has severed all connection with the police force by reason of his absence for five days without leave. (*People ex rel.* v. *York*, 49 App. Div. 173; *People ex rel.* v. *Wemple*, 115 N. Y. 302.)

Martin, J. · On the 20th of December, 1897, the relator, a member of the police force of the city of New York, was dismissed upon the sole ground that he failed to attend roll call on the 19th of the preceding October. He had no notice of the hearing upon the charges made against him until two days after the time appointed therefor, and it is admitted there was no competent proof to sustain the charges. The dismissal was based upon unverified statements alone, and was, consequently, invalid. (*People ex rel. Kasschau* v. *Board of Police Comrs.*, 155 N. Y. 40.)

Thus it was conclusively shown that the relator was improperly dismissed, and that the action of the commissioners was invalid and should have been set aside. But the commissioners, to sustain such dismissal, applied to the Supreme Court for, and obtained, leave to serve a further or amended return by setting up that upon the day of the pretended trial the relator had ceased to be a member of the police force by reason of his absence for more than five days without leave. This attempt was made, but finally resulted in showing affirmatively that the relator had not been absent five days before the day of trial. Thus it was conclusively established that the second ground upon which the commissioners sought to justify the dismissal of the relator had no existence in fact, and that his dismissal was wholly unauthorized.

With the record showing affirmatively that the relator was improperly dismissed because there was no proof of the charges against him, and that he had not ceased to be a member of the force by reason of five days' absence without leave before

74

the day of trial, the learned Appellate Division dismissed the writ and affirmed the proceedings of the commissioners, with fifty dollars costs and disbursements to them.

If correctly understood, the only ground upon which the respondents attempt to sustain the order of the Appellate Division is that there was no allegation in the petition attacking the validity of the respondents' claim that the relator had ceased to be a member of the force under the provisions of the statute relating to an absence without leave for five consecutive days before the day of his trial.

It is impossible to understand how the relator could have alleged in his petition the invalidity of a claim not made until nearly two years after the petition was filed, and which had no connection, actual or pretended, with the act charged and for which the relator was dismissed from the force. It is difficult to believe that such a proposition is seriously submitted. But be that as it may, it is totally without substance and does not merit further consideration.

It follows that the order of the Appellate Division should be reversed and the determination of the police commissioners dismissing the relator annulled and set aside, with costs to the appellant in all the courts.

Parker, Ch. J., O'Brien, Bartlett, Vann, Landon and Cullen, JJ., concur.

Order reversed, etc.