THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. HART, Appellant, *v.* BERNARD J. YORK et al., Composing the Board of Police Commissioners of the City of New York, Respondents.

APPEAL — CONDITIONAL ORDER OF APPELLATE DIVISION NOT REVIEWABLE.   An order of the Appellate Division made in certiorari proceedings, imposing as a condition for the reinstatement of relator, a member of the police force of the city of New York, that he should stipulate not to claim back salary from the date of his dismissal from the force, but containing no provision as to the disposition of the proceedings if the stipulation was not given, in the absence of such stipulation, does not finally determine the proceedings and is not reviewable by the Court of Appeals.
*People ex rel. Hart* v. *York,* 65 App. Div. 609, appeal dismissed.

(Argued January 8, 1902; decided January 28, 1902.)

APPEAL from so much of an order of the Appellate Division of the Supreme Court in the first judicial department,

entered November 14, 1901, as imposes as a condition for the reinstatement of the relator to the police force of the city of New York that he stipulates not to claim back salary from the date of his dismissal from the force.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Louis J. Grant* for appellant. The action of the Appellate Division is without jurisdiction and is illegal and void. (Code Civ. Pro. § 2140.) The court did not correct the adjudication. It reversed the decision absolutely, annulling the proceedings and reinstating the relator. (*People ex rel.* v. *Bd. of Fire Comrs.*, 100 N. Y. 82.)

*George L. Rives, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondents. The order appealed from is not an order finally determining a special proceeding within the meaning of subdivision 1 of section 190 of the Code of Civil Procedure, and is not appealable to this court. (*People* v. *Am. L. & T. Co.*, 150 N. Y. 117; *Ray* v. *N. Y. B. E. R. R. Co.*, 155 N. Y. 102; *Van Arsdale* v. *King*, 155 N. Y. 325; *People* v. *St. Nicholas Bank*, 150 N. Y. 563; *People ex rel.* v. *Barker*, 155 N. Y. 308; *N. Y. S. Co.* v. *S. G. & El. Co.*, 156 N. Y. 645; *City of Johnstown* v. *Wade*, 157 N. Y. 50; *Matter of Grab*, 157 N. Y. 69; *Matter of Small*, 158 N. Y. 128; *G. T. & S. D. Co.* v. *Philu., R. & N. E. R. R. Co.*, 160 N. Y. 1.) The order appealed from is purely discretionary. (*Matter of W. W. W. Co.*, 85 N. Y. 478.)

HAIGHT, J. This is a writ of certiorari to review the proceedings of the police commissioners in removing the relator, a patrolman, from the police force of the city of New York in 1897. Several charges were preferred against him for neglect of duty as such officer. These charges, upon notice to him, were brought to a hearing before the police commissioners and a trial was had resulting in a resolution of the

board dismissing him. from the police force. The statements
of the witnesses fully sustained the charges and also showed
that the relator handed in his resignation from the force on the
sixth day of September at six o'clock P. M., and that he was
absent at the time of the trial. The statement of the witnesses,
however, does not appear to have been taken under oath, and
for this reason the determination made upon the trial cannot
be sustained. (*People ex rel. Kasschau* v. *Board of Police
Comrs.,* 155 N. Y. 40.) As to the resignation the return is
silent, and, therefore, it cannot be considered. The commis-
sioners, however, have, by their return to the writ, stated
that " the relator herein was absent without leave for more
than five consecutive days, to wit, from December 6th, 1897,
until after December 11th, 1897; that said absence. was
deemed and held to be a resignation, and at the expiration
of said period the relator ceased to be a member of the
force." On the 8th day of August, 1901, the attorney for the
relator and the corporation counsel entered into a stipulation
to the effect that an order might be entered annulling the
proceedings before the police commissioners, and that the
relator be reinstated to the position which he held as a patrol-.
man, with all the rights, privileges and emoluments thereto
appertaining, with interest thereon as of the .29th day of
December, 1897. This proposed order was transmitted to the
presiding justice of the Appellate Division on that day, with
a letter asking that it might be entered during the recess of .
the court. No order was .entered, however, until the 18th
day of October, 1901, and then the application of the attorneys
was granted " upon the relator's stipulating not to claim back
salary," and the order as entered so provides. The order
contains no provision as to the disposition of the case if the
stipulation is not given. It is, therefore, an order dependent
upon the giving of the stipulation. If the stipulation is given
then it becomes a final order determining the proceedings,
but if the stipulation is not given then the order is of no force
or effect and the proceedings remained undisposed of. .

The relator, under the writ, had the right to have the ques-

tions brought up by the return made thereto reviewed and determined by the Appellate Division. It is quite possible that no question of discretion was involved, and that, therefore, the Appellate Division had no power to impose a condition upon him in disposing of the case; but we do not think that court was bound by the stipulation submitted by the attorneys. It is a case in which the interests of the municipality were involved, and the conscience of the court could not be controlled by the stipulation of the attorneys. (*Bush* v. *O'Brien*, 164 N. Y. 205.)

The corporation counsel refers to the return of the commissioners, to the effect that the relator was absent for more than five consecutive days without leave, and then cites *People ex rel. Grogan* v. *York* (166 N. Y. 582) as overruling the case of *People ex rel. Fahy* v. *York* (49 App. Div. 173; affirmed, 163 N. Y. 551). In this he is mistaken. The *Grogan* case does not, neither was it intended to, overrule the *Fahy* case. In the *Grogan* case charges had been prepared and a trial had. The commissioners, in their return to the writ, stated that he had been absent five days without leave, but by their amended return filed they conceded that the relator was absent only from six o'clock P. M., November sixth, 1897, to the eleventh of November, 1897, the day of the trial. The five days would not be up until six o'clock, November eleventh, but the return did not show that he was absent at all on that day, and, therefore, it failed to show five days' absence. It, consequently, was not a defense to his reinstatement.

The order appealed from does not finally determine the proceedings in the absence of the stipulation. The order is not, therefore, appealable to this court. The remedy of the relator is to go back to the Appellate Division and apply for an order finally determining the proceedings.

The appeal should be dismissed, but, under the circumstances, without costs.

PARKER, Ch. J., GRAY, O'BRIEN, CULLEN and WERNER, JJ. (BARTLETT, J., in result), concur.

Appeal dismissed.