THE PEOPLE OF THE STATE OF NEW YORK ex rel. ORSON
H. MENZIE, Relator, *v.* FRANK B. DAVIS, as Mayor of the
City of Ithaca, and HARRY C. BALDWIN, as Police Com-
missioner of the City of Ithaca, Tompkins County, New
York, Respondents.

Third Department, November 12, 1919.

Public officers — removal — certiorari to review — removal under
statute not requiring hearing — removal under statute requiring
hearing — removal without hearing under statute requiring
trial erroneous as matter of law — power to " summarily hear,
try and determine " charges against police officer and to remove —
necessity for trial in usual form — removal only permitted for
cause shown and heard.

Where a statute makes no provision for a hearing, but confers the power
of removal of an officer, subject to no limitation except the requirement
that the reasons therefor be stated in writing and filed and an opportunity
for explanation given, the act of removal is executive and is not reviewable
on certiorari.

When by statute, or by implication of law, the power of removal of a public
officer can be exercised only for cause or after a hearing, the proceeding is
judicial in its nature and is subject to review by certiorari.

Where a person is protected in the enjoyment of a public office or employ-
ment from removal except for cause, to be ascertained and adjudged upon
a hearing of a judicial nature, and it appears that he was removed without
any proof of the necessary facts upon oath, the determination, if not
absolutely without jurisdiction, is clearly erroneous as a matter of law.

Where the mayor of a city is given power, " summarily, to hear, try and
determine any complaint of misconduct " against a police officer and
to remove such officer when found to be incompetent, there must be a
trial in the usual form of law upon evidence given publicly, under the
sanction of an oath.

Where a police officer can be removed only after charges preferred and heard
the cause of removal must be confined to the charge shown and heard.

CERTIORARI issued out of the Supreme Court and attested
on the 21st day of June, 1919, directed to Frank B. Davis,
as mayor of the city of Ithaca, commanding him to certify
and return to the office of the clerk of the county of Tompkins
all and singular his proceedings had in dismissing the relator

from the position of police officer in the police department of the city of Ithaca.

*John Courtney, Jr.* [*Morse E. Ames* and *Clayton R. Lusk* of counsel], for the relator.

*Fitch H. Stephens* [*John D. Collins* of counsel], for the respondents.

Lyon, J.:

This is a proceeding by certiorari to review the action of the mayor of the city of Ithaca in removing the relator as a member of the police force of the city. The charges were: *First,* that on the night of March 17, 1919, he did not make his four o'clock morning report to the officer in charge of police headquarters, while working beat No. 3, known as Inlet beat; *second,* that on January 17, 1919, he absented himself from his post from the hours of ten P. M. to eleven-fifteen P. M., without permission from the chief of police; that on the same night he frequented the Lehigh Valley Hotel by the front door and remained there for a period of fifteen or twenty minutes without apparent cause; that he did continually smoke cigarettes while on duty that night before midnight, and absent himself from all that part of his beat from Buffalo street south including State street which is the main street, from nine P. M. until midnight without any good reason; and *third,* that on or about September 15, 1918, he did neglect his duty by leaving his post on what is known as Cayuga street beat between the hours of nine-thirty and ten-thirty P. M. The charges were in writing and were duly served on the relator. He filed an answer denying these charges on April seventh, and adjournments were had at his request until April twenty-sixth. On that day relator appeared with counsel and asked that he be confronted with the witnesses to sustain the charges and to have the privilege of cross-examining them. The mayor, holding that the hearing was not a trial but simply to give the relator an opportunity for explanation, denied the relator's request, to which the relator duly excepted. The relator then called several witnesses in his behalf and himself testified.

On May 26, 1919, the mayor filed a decision in which he found that the relator had failed to prove to his satisfaction either by substantial evidence or by written explanation that the charges as preferred, one and two, were not true, and stating he knew from personal investigation the second charge was true; that the fact that he specifically denied under oath the charges which he knew of his own knowledge were true, and made statements which of his own knowledge were not true, seemed to him to be a further reason for the decision, and also raised a question in his mind as to Menzie's veracity in his other statements and denials. He made no findings as to the third charge, although he stated there was some doubt in view of other statements made, but as bearing on the determination to be made, stated his personal knowledge as to the relator's general conduct, and that he had an utter disregard for discipline and talked back, and criticised his superior officers, and used unbecoming language. Further, he felt it would not tend to give new men a good impression as to what constituted good discipline, and that relator was guilty of said charges, and ordered that he be dismissed from the police department of the city of Ithaca as of the date of his suspension. The relator thereupon sued out this writ of certiorari to review the determination.

The contention of the relator is that he was entitled to a fair and impartial trial and evidence given to sustain the charges, before he was required to present his defense; that he was denied the right to cross-examine, or to hear any witness sworn to substantiate the charges; and that there was no competent evidence adduced upon the hearing to prove him guilty. The contention of the respondents is that the charter of the city of Ithaca vests in the mayor the absolute power of removal in cases of misconduct and neglect of duty, and that the only requirements are that the reasons for the dismissal shall be stated in writing, and that the person removed shall have an opportunity to make explanation.

Section 15 of the charter of the city of Ithaca (Laws of 1908, chap. 503) provides: " He [the mayor] shall have power, summarily, to hear, try and determine any complaint for misconduct or neglect of duty against any officer of the city appointed by the mayor * * *." Section 21 pro-

vides: " The policemen and officers of the force now in office shall continue to be policemen, but each subject to removal by the mayor when found to be incompetent, negligent or guilty of misconduct in and about, or unable to perform, the duties of his office, or guilty of wilfully violating any of the rules and regulations of the police commissioner or of any superior officer.   *   *   *."

Where a statute makes no provision for a hearing, but confers the power of removal subject to no limitation, except the requirement that the reasons therefor be stated in writing and filed, and an opportunity for explanation given, the act of removal is executive, and is not reviewable on certiorari. (*People ex rel. Kennedy* v. *Brady,* 166 N. Y. 44.)   But the mayor's power of removal in the case at bar is, " summarily, to hear, try and determine any complaint for misconduct " and " each subject to removal by the mayor when found to be incompetent."

To " *try,*" and when he shall be " *found* " to be guilty of misconduct or incompetency, to remove, implies a trial in the usual form of law upon evidence given publicly, under the sanction of an oath. (*People ex rel. Maloney* v. *Douglass,* 195 N. Y. 145.)   " When by statute or by implication of law the power of removal can only be exercised for cause or after a hearing, the proceeding although an exercise of an administrative power is judicial in its nature and as a necessary consequence it is subject to review by certiorari." (*People ex rel. Hayes* v. *Waldo,* 212 N. Y. 156, 170.) Where a person is protected in the enjoyment of a public office or employment from removal except for cause to be ascertained and adjudged upon a hearing of a judicial nature, and it appears that he has been removed without any proof of the necessary facts upon oath, the determination if not absolutely without jurisdiction, is clearly erroneous as matter of law. (*People ex rel. Kasschau* v. *Police Comrs.,* 155 N. Y. 40.)

The decision states that the mayor has heard him criticise his superior officers including the commissioner and the chief of police, and as well the aldermen. " I might go deeper into the matter from my own personal observation since I have been Mayor, but do not deem it necessary.   In view of all these facts I feel that mere disciplinary measures would be

inadequate." None of these matters were charges against him. The cause of removal must be confined to the charge shown and heard. (*People ex rel. Kasschau* v. *Police Comrs.*, 155 N. Y. 40, 44; *People ex rel. Shuster* v. *Humphrey*, 156 id. 231.)

The relator has been a policeman since September, 1900. He had grown old in the service. Perhaps a little impatient as well, with the reputation as disclosed by the evidence of having been a good officer. He and his witnesses make plausible explanations, which tend, in a large measure, to explain the charges against him. If he is to be convicted and deprived of his position in disgrace, it should be after a fair trial in which he may meet his accusers bound under the sanctity of an oath.

Under subdivisions 3 and 4 of section 2140 of the Code of Civil Procedure, the determination must be annulled, and a new hearing had, with fifty dollars costs and disbursements to the relator.

All concurred.

Determination annulled and new hearing ordered, with fifty dollars costs and disbursements to the relator.