Rafael Gatell Olivari, Petitioner and Appellee, *v.* Leslie A. MacLeod, Respondent and Appellant.

No. 8075.   Argued February 5, 1940.—Decided February 13, 1940.

George A. Malcolm, *Attorney General,* and Pablo Defendini, *Assistant Attorney General,* for appellant.   Carlos D. Vázquez for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

The petitioner and appellee instituted a mandamus proceeding in the lower court praying that the respondent and appellant be ordered to reinstate him in his office as Examiner in the Division of Examination and Investigation of Accounts in the Office of the Auditor of Puerto Rico, and further that payment be made to him of his back salaries from his dismissal to his reinstatement. The respondent

answered and at the same time filed a demurrer for insufficiency to the mandamus petition. Before going into the merits of the case the court *a quo* decided to pass upon the question of law raised by the demurrer which was overruled. The defendant then moved for judgment on the demurrer from which he took the present appeal before this court.

As soon as the respondent and appellant perfected his appeal, the petitioner and appellee moved to dismiss the appeal as frivolous. This is the question now submitted for our decision.

The sufficiency of the petition having been attacked, we must first get acquainted with its essential allegations.

The petitioner alleged that until the 1st of October 1938, he had filled in the Insular Government the said office which is included in the Classified Civil Service, with an annual salary of $1,850.20; that on October 5, 1938, the Auditor of Puerto Rico brought against him the charges transcribed in the petition, which for the purpose of this opinion it is unnecessary to recite; that the said charges were specifically denied by the petitioner whereupon the respondent ordered a hearing to be had before an officer of his department; that after the hearing he was dismissed on October 31, 1938, and was notified thereof by a letter of even date written in English whose pertinent part reads as follows:

"On October 5, 1938, charges were preferred against you in your capacity as Examiner of Accounts of the Division of Examination and Investigation of Accounts of the Office, for the commission of certain act of indisciplinary conduct and other causes, notice of these charges having been served upon you.

"After a careful study of the charges; the defense; evidence presented, as well as the report of the Deputy, it appears to me that you are guilty of charge No. 1 and charge No. 11 preferred against you, each one of which is considered by itself sufficient just cause to justify your removal as a means of promoting the efficiency of the service, without passing upon charge No. 3.

"Copy of this letter will be furnished to the Civil Service Commission of Puerto Rico for its information.

"Respectfully,

"(sigd.)     L. A. MacLeod,

"Auditor of Puerto Rico."

It is further alleged by the plaintiff that, feeling aggrieved by the removal, he appealed to the Civil Service Commission of Puerto Rico for his reinstatement, but that the said Commission disclaimed jurisdiction of the case, by a decision dated January 4, 1939.

After setting forth the above facts, it is alleged in the petition that the petitioner has been removed without just cause and without due process of law, as appears from the following grounds:

"A. Because charges 1 and 2 are not sufficient legal justification for the removal of the petitioner, and that charge No. 3 was expressly dropped by the Auditor of Puerto Rico.

"B. Because the charges were not heard by the Auditor of Puerto Rico in person but by an employee in the Auditor's office, Luis Morales, who is without authority, according to law, to preside a hearing of such nature and sitll less to take oath or affirmation of witnesses.

"C. Because all the witnesses refused to testify under oath, notwithstanding the request from the petitioner to comply with such legal requisite and none of said witnesses testified after affirmation duly made before any officer authorized by law to take affirmations, the removal of the petitioner having been based on the testimony of such witnesses who would not have so testified if they had been required to do so on oath or affirmation duly taken by an officer lawfully authorized for the purpose and liable to be prosecuted for perjury.

"D. Because the evidence submitted by the Auditor of Puerto Rico in support of charges 1 and 2 does not sufficiently justify the removal of the petitioner, and, on the other hand, the evidence available to the petitioner to disprove the facts recited in said charges 1 and 2 proves that he was sick and exonerates him from blame.

"E. Because the bringing of charges against your petitioner and his subsequent removal has been unfair and arbitrary and solely and exclusively due to the malicious and personal prosecution on the

part of the Assistant Auditor of Puerto Rico, José G. López, against your petitioner.''

It is further alleged by the petitioner that after October 1, 1938, he has not been paid the salaries pertaining to his office to which, as alleged by him, he is entitled, and that during all this time he has been willing and in a position to perform the duties thereof, and that the respondent refuses to reinstate him in spite of his request to that effect, and that the petitioner has no other speedy, adequate and efficient ordinary remedy at law for securing his reinstatement. He closes by praying for a peremptory writ of mandamus in accordance with the above allegations.

The issue before us is confined solely and exclusively to determining whether or not, admitting the facts as alleged in the petition to be true, the decision appealed from is proper.

Both sides invoke, in support of their respective theories, the decisions in *Pérez* v. *Esteves,* 43 P.R.R. 13, 14; *Domenech* v. *Court,* 48 P.R.R. 527, 534; *Pérez Marchand* v. *Garrido,* 48 P.R.R. 445, 458; and section 28 of Act No. 88, Civil Service of Puerto Rico, Session Laws of 1931, p. 556.

The petitioner and appellee maintains that the decision of the Auditor of Puerto Rico removing him from his office is arbitrary and illegal, as the same was made on the basis of a void hearing, inasmuch as the witnesses who testified in support of the charges failed to take the oath or affirmation in spite of the protest from the petitioner who demanded the performance of such legal requisite. The appellant alleges, in opposition, ''that this court has never specifically upheld, ever since its decisions in *Pérez Marchand* v. *Garrido* and *Domenech* v. *Court, supra,* that a removed officer or employee is entitled to a public hearing,'' (allegation in oppositing to the dismissal, p. 3), and in his brief in support of the appeal he stated his theory as follows:

''In order words, after protecting the public employee from political and religious persecution, the lawmaker proceeds to provide, in the field of official relations, for the most equitable relation com-

patible with discipline. Experience shows that a greater self-assertion of a subordinate towards his superior is detrimental to the principle of authority which is indispensably the basis of human organization.

"Now, what are the limitations imposed by law in Puerto Rico upon the general power of an appointing officer for removing a subordinate? To our judgment they are as follows: (1) that the removal should be for just cause and for the good of the service; (2) that the appointing officer should file in writing in the office of the Civil Service Commission the ground on which the removal is sought; (3) that the grounds be notified in a reasonable way to the subordinate; (4) that the appointing officer should serve the suborddinate with copy of the charges brought by the former against the latter; and (5) that the appointing officer should give to the subordinate an opportunity to answer to the charges in writing."

In none of the above cases is it held that the functionary is not entitled to be heard on the charges brought by the appointing officer. On the contrary, this court, in *Domenech* v. *Court, supra,* when treating of the rights of the functionary against whom the charges were brought, expressed itself as follows:

". . . . Nor can the proposition be accepted, as claimed by the commission, that the appointing officer may dismiss summarily, and that the commission is charged with the duty of deciding the case on its merits, since that officer, who may only dismiss for just cause, cannot destroy the right of a subordinate by a summary dismissal. The employee is not without remedy merely because broader powers have not been granted to the commission. The act prescribes the procedure to be followed, and from its text the agencies called upon to protect the rights of the employee appear to be: for a removal for reasons of a political or religious character, the Civil Service Commission; for a removal, arbitrary and without cause, when religion or politics is not involved, the courts of justice. The appointing officer has no power arbitrarily to dismiss a subordinate. In the exercise of his duties, he must follow the provisions of the act, prefer charges, hear the employee, and remove him if necessary, when there is cause for removal. It he does not comply with the requirements of the law and, for reasons other than politics or

religion, he arbitrarily orders a removal, the employee so removed may resort to the courts of justice to obtain redress."

In setting forth in the last paragraph of section 28 of the Civil Service Act, *supra,* the powers of an appointing officer to suspend or dismiss a subordinate for the good of the service, the Legislature was very careful to state that the suspension or dismissal shall be *for just cause,* and in the first paragraph thereof it is provided that "No person holding an office or place in the classified service, shall be removed or discharged except for just cause, upon written charges, and after an opportunity to be heard in his own defense."

In *State* v. *Welford,* 260 N.W. 593, decided by the Supreme Court of North Dakota in 1935, citation is made with approval from the case of *Shaw* v. *Frazier,* 39 N.D. 430, 167 N.W. 510, of the following paragraphs:

"In the legislative act under consideration, the Legislature had granted to the Governor the power of appointment and of removal, but it has expressly provided that the removal must be for cause. (citations.) An express legislative limitation was placed upon this executive power of removal. This limitation prescribed the exercise of a legal discretion in addition to an executive discretion. This limitation, as has been stated, the Legislature had the right to prescribe. A removal for cause means for a legal cause. (citations.) When the Legislature deemed it proper to prescribe a legal cause as the basic ground for the removal of the office involved, necessarily there then applied those fundamentals in Anglo-Saxon jurisprudence, essential and recognized in any free and democratic government, namely, the right of the accused to a hearing, to be confronted with his accusers, and to the right of defense. See *People ex rel, Metevier* v. *Therrien,* 80 Mich. 187, 195, 45 N. W. 78.

". . . . . . . . . .

"This court, therefore, has already adopted, without dissent, the principle that a legal cause in such case must exist and must be established at a hearing. It is merely trite to state that a legal cause is a judicial cause. It follows, accordingly, that the Governor, in exercising his power in such removal proceeding necessarily acts in a quasi judicial manner."

■■ We have already remarked that, as appears from the allegations of the petition, the witnesses who testified in support of the charges, did not do so on oath or affirmation.

In *Branizar* v. *Mendín*, 43 P.R.R. 27, 28, 29, where the witnesses at a public hearing held to investigate charges preferred against a municipal officer failed to testify under oath, inasmuch as the oath in question was not taken before an officer legally authorized to that effect, this court said:

"Section 36 of the Municipal Law specifically provides that the mayor is the only officer authorized to remove municipal employees, and that the removal shall be for just cause and the parties concerned shall be granted a public hearing and an opportunity to defend themselves.

"In the case before us the mayor acquainted the plaintiff employee with the charges against him, but at the public hearing the witnesses were not examined under oath. We say that they were not so examined, because although the mayor ordered the witnesses to be sworn, the oaths were administered by the municipal secretary who had no authority to do so and over the objection of the petitioner through his attorney.

"In the absence of the required oath, it must be concluded that the proceedings were invalid, in accordance with the jurisprudence repeatedly laid down to the effect that in investigations of the character involved in the case at bar, all the witnesses must be sworn. (citations)."

The Supreme Court of North Dakota in *State* v. *Board of City Comm'rs of the City of Fargo,* 245 N.W. 887, 890, decided in 1932, similarly expressed itself as follows:

". . . . It is certainly a fundamental rule of the Common law that evidence in an adversary proceeding in a court of justice is to be given under the sanction of an oath. A city council engaged in a hearing involving a removal for cause is action in a judicial capacity, and is to be considered a court for that particular purpose. *Matter of Nichols,* 6 Abb. N. C. (N.Y.) 474. Although not a court in a strict sense, its duy is so far judicial that it cannot dispense with this prerequisite of a judicial inquiry. *People* v. *Police Comm'rs,* 155 N. Y. 40, 49 N. E. 257."

Further on on page 895 it quotes with approval from 2 *McQuillin on Mun. Corp.* (2nd ed.), sec. 590, as follows:

"While strict conformity to legal rules as to evidence is not required, there should be no disregard of fundamentals. The evidence should be given under the sanction of an oath. As aptly said: 'Although not a court in the strict sense, its duty is so far judicial that it cannot dispense with this prerequisite of a judicial inquiry.' "

At the end of said opinion (p. 895) the court says again:

"The removing officer has considerable discretion, but it is not unlimited; it is to be directed by the law and the evidence. Members of a tribunal cannot act capriciously and arbitrarily. (Citations.)"

In the case at bar, where the evidence was exclusively oral, it affirmatively appears *prima facie* from the petition, as already stated, that the witnesses who testified before the referee appointed by the respondent and appellant for investigating the charges, failed to testify under oath or affirmation, in spite of the protests from the petitioner. This being so, as the testimony is not backed by the sanction of the oath, the hearing so held is invalid, and invalid also is the decision rendered by the respondent ordering the removal of the petitioner. No other conclusion than the one above stated could be reached by us, if we admit as true the facts alleged in the petition.

Therefore, the appeal brought by the respondent is frivolous and must be dismissed.