■ In the Matter of LEM KEHRLEY, Petitioner, v. JOHN J. J. McGOUGH, Individually and as County Superintendent of Highways of the County of Sullivan, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the County Superintendent of Highways of Sullivan County. Petitioner, an employee in the Highway Department of Sullivan County, and a veteran, was removed from his position by the respondent County Superintendent of Highways on charges after a hearing. The procedures followed by the respondent at the hearing require us to annul the determination and to remit the charges to the Superintendent for further consideration at a new hearing. Petitioner was not represented by counsel at the hearing before the respondent and it followed an entirely informal course. In effect the Superintendent read the charges and asked the petitioner what he had to say about them. The petitioner's superiors were then asked for their comments on the petitioner's explanations as they were given, and the hearing became a general discussion between petitioner and his superior officers. None of the officers who discussed the matter before the respondent and on the basis of whose statements of fact petitioner was removed from his position, was sworn. In this respect the hearing failed to meet the standards set up by *People ex rel. Kasschau* v. *Police Comrs. of City of N. Y.* (155 N. Y. 40) and by *Matter of Hecht* v. *Monaghan* (307 N. Y. 461). Although perhaps if the witnesses against the petitioner had been sworn and their testimony justified the discipline imposed, we would not annul the determination alone because of the informality of procedure, it is the preferred procedure in hearing such a charge to take the proof first in support of the charge and then hear respondent's explanation of the

charge. Determination annulled, with $25 costs and charges remanded to the respondent to conduct a new hearing. Bergan, P. J., Gibson, Reynolds and Taylor, JJ., concur.